In the Matter of Proving the Will of JOANNA MAY, Deceased.

WILLIAM D. MAY, JR., et al., as Executors of LESLIE W. MAY, Deceased, et al., Appellants; FLORENCE M. MILLER et al., Respondents.

**Will — probate — sufficiency of testimony that paper was properly executed and published — failure of paper itself to show testamentary intent on part of testator — erroneous admission to probate.**

1. Testimony of a subscribing witness to a paper propounded as a will that the decedent declared that the instrument was her last will in the presence of both witnesses; and of the other witness — that " the word ' will ' was never used that day. I was not asked to sign her will, but her last wishes and request, and in my mind I would call that a will "— may be sufficient to sustain a finding that the paper was properly executed and published by the decedent, but it does not dispose of the question whether in fact the instrument was a will or only the decedent's " last wishes and request."

2. The informality of a paper, and the looseness of its language, would be no bar to the courts giving to any directions contained therein testamentary effect if can be gleaned from its language an intent on the part of the decedent that the paper should have such effect, but where the paper propounded contains no express testamentary declaration, no attestation clause, no appointment of executors and no words of gift, except in so far as a bequest or devise may be inferred, and where, reading the paper in the light of all the circumstances, it shows

on its face a recognition that the decedent's previous will leaving all her property to her husband was still in full force and that it was intended merely as a careful memorandum addressed by decedent to her husband expressing her wishes and desires as to the ultimate disposition of her property but without derogation of his full property rights conferred, by the earlier instrument, the paper itself fails to show testamentary intent on the part of the decedent and its admission to probate is error.

*Matter of May*, 210 App. Div. 852, reversed.

(Argued May 14, 1925; decided July 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 31, 1924, which affirmed a decree of the New York County Surrogate's Court admitting to probate a paper propounded as the last will and testament of Joanna May, deceased.

*Joseph H. Kohan* for William D. May et al., as executors of Leslie W. May, deceased, appellants. The document was not properly declared by Joanna May as her last will and testament, nor did she subscribe the documents in the presence of both subscribing witnesses, nor acknowledge her signature on the instrument to the subscribing witnesses. (*Matter of Turell*, 166 N. Y. 330; 47 App. Div. 560; *Matter of Cogan*, 184 App. Div. 198; 226 N. Y. 860; *Matter of McDonough's Estate*, 201 App. Div. 203; *De Haas' Will*, 9 App. Div. 561; *Matter of Moore's Will*, 109 App. Div. 762; 187 N. Y. 573; *Matter of Simmons' Will*, 56 Hun, 642; 124 N. Y. 663; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596; *Matter of Keefe's Will*, 155 App. Div. 575; 209 N. Y. 535; *Matter of Lanby*, 148 N. Y. 403.) The proponent is barred from maintaining the present proceeding so long as the former decree entered on her appearance which admitted the will of 1896 to probate, remains unimpaired. (Redf. on Surr. Courts [7th ed.], p. 968, § 1069; *Matter of Goldsticker*, 192 N. Y. 35; *Matter of Wohlgemuth*, 110 App. Div. 644; 184 N. Y. 578; *Matter of Tilden*, 56 App. Div. 277; *Matter of McGoughran*, 124

App. Div. 312; 192 N. Y. 565; *Hoyt* v. *Hoyt*, 112 N. Y. 493, 504; *Fox* v. *Fee*, 167 N. Y. 44.)

*John A. Dutton* for William D. May, individually and as executor of William D. May, appellant. The instrument itself does not either expressly or impliedly purport to be a will. On the contrary, it is couched in language which clearly indicates that it was intended merely to convey certain requests and desires of Mrs. May to her husband concerning a portion of her property already given to him by her then existing will. (*Matter of Cunnion*, 201 N. Y. 123; *Osburn* v. *Rochester T. & S. D. Co.*, 209 N. Y. 54; Jessup Surr. Practice [1925 ed.], § 313.) There is no evidence in the case to sustain a conclusion of law that Mrs. May declared to both witnesses that the paper was her will. On the contrary, it affirmatively appears that, with respect to one of the witnesses, she she did not so declare. (*Matter of Ellery*, 139 App. Div. 244; Jessup Surr. Practice [1925 ed.], 356; *Matter of Bryant*, 148 N. Y. Supp. 917; *Matter of Sarasohn*, 47 Misc. Rep. 535.)

*Benjamin E. Messler* and *Joseph A. Duffy* for respondents. The due and proper execution of the will was in every respect established. (*Matter of Sniffin*, 113 Misc. Rep. 307; *Matter of Talbot*, 91 Misc. Rep. 382; *Matter of Haviland*, 17 Misc. Rep. 193; *Matter of Akers*, 74 App. Div. 461; 173 N. Y. 620; *Matter of Bassett*, 84 Misc. Rep. 656; *Matter of Phillips*, 98 N. Y. 267; 34 Hun, 627; 3 Dem. 459; *Willis* v. *Mott*, 36 N. Y. 486; *Matter of Holmberg*, 83 Misc. Rep. 245; *Matter of Stockwell*, 17 Misc. Rep. 108; *Matter of Laudy*, 161 N. Y. 429; *Matter of Carey*, 24 App. Div. 531.)

LEHMAN, J. On October 27, 1916, the surrogate of the county of New York, where the decedent resided, admitted to probate, as her last will and testament, an instrument

which was duly executed and published by the decedent in the year 1896 whereby she bequeathed and devised all her real and personal property to her husband, William D. May, and appointed him her sole executor. Letters testamentary were issued to him under which he acted until his death in 1920. In the record of the proceedings for the probate of this will there are two papers purporting to be waivers of citation executed and acknowledged by decedent's two daughters. In December, 1922, her daughter Florence M. Miller presented a petition for the probate of a paper signed by the decedent Joanna May and two witnesses in the year 1916 shortly before the death of the decedent, and on November 7, 1923, the surrogate made a decree admitting this paper to probate and revoking the letters testamentary issued upon the probate of the earlier will.

The instrument propounded as the later will was dictated to and written out by the decedent's daughter Florence M. Miller in the presence of her sister, yet both sisters stood by while an earlier instrument was propounded as the last will and testament of the decedent. One of the subscribing witnesses testified that the decedent declared that the instrument was her last will in the presence of both witnesses. The other witness testified that " the word will was never used that day. I was not asked to sign her will, but her last wishes and request, and in my mind I would call that a will." The testimony may be sufficient to sustain a finding that the paper was properly executed and published by the decedent (*Matter of Will of Cottrell*, 95 N. Y. 329; *Matter of Will of Bernsee*, 141 N. Y. 389), but it does not dispose of the question whether in fact the instrument was a will or only the decedent's " last wishes and request."

The paper propounded is extremely informal. It contains no express testamentary declaration, no attestation clause, no appointment of executors. It begins with the words " Harley Merry House to go to my two daughters

Florence and Blanche." It contains no words of gift, bequest or devise except in so far as a bequest or devise might be inferred from the words above quoted and from similar words such as " to my three grandchildren, $500 each, to be put in the savings bank until they become of age." Undoubtedly the decedent indicated by these words a desire that " Harley Merry House " should eventually become the property of her two daughters and that her three grandchildren should eventually receive $500 each, and there are similar indications of desire in regard to other portions of her property. The informality of the paper, and the looseness of its language, would be no bar to our giving to any directions contained therein testamentary effect if we can glean from its language an intent on the part of the decedent that the paper should have such effect. The courts must endeavor to find from the language used the actual intent of the decedent; if, from such language, it appears that the decedent intended to dispose of her property, or part of it, by means of the instrument signed by her, and to give that instrument the force of a will, it may be admitted as a will or as a codicil to her earlier will; if, on the other hand, it appears from the paper itself that the decedent intended that paper merely to express her wish or desire that part of her property should be eventually disposed of by her husband as therein suggested, it may be given no greater force than the decedent intended.

The will executed by decedent in 1896 gave to her husband all her real and personal property. Although the paper signed by the decedent twenty years thereafter has been admitted to probate as her last will and testament and the letters testamentary issued upon the probate of the earlier will have been revoked, it seems clear that the testatrix had no intent to revoke the earlier instrument. On the contrary, although the later paper does not expressly name the decedent's husband, or leave any property to him, at least half of the instrument

[241 N. Y. 1]          Opinion, per LEHMAN, J.                    [July,

consists of expressions of desire, evidently addressed to
him in the second person, which certainly show that the
decedent assumed that her husband would possess and
dispose of all her property, at least in so far as she had not
indicated a different intent as to part of it.   She tells
him, "At your death I desire you to leave our two homes
at Amityville and 70th Street to our four children."
And again, " If you sell the two homes I desire that you
will not put all the money from them in the business so
that in case of bad business you will be sure to have some
ready money for your comfort and old age."   This is
not language which, though informal, yet shows an intent
to devise for life; it is an expression of desire as to the
ultimate disposition of property which the decedent
recognized she had already devised to her husband.   The
same intent is shown by the words, " when you are through
with all household effects, furniture, etc., or at your death,
I wish them to go to our two daughters, Florence and
Blanche."   Perhaps it may not be entirely without sig-
nificance that the paper contains also a request to her hus-
band to live with one of her daughters which concededly
does not concern the disposition of the decedent's estate.

Reading the paper in the light of all the circumstances,
we conclude that it shows on its face a recognition that
the decedent's previous will leaving all her property to
her husband was still in full force and that it was intended
merely as a careful memorandum addressed by decedent
to her husband expressing her wishes and desires as to the
ultimate disposition of her property but without deroga-
tion of his full property rights conferred by the earlier
instrument.   We need not consider under these circum-
stances the effect of the failure of the proponent and her
sister to demand the production of the instrument and
to offer it for probate until years had elapsed after the
probate of the original will and after the sole legatee
named therein had died leaving a will which in many
respects carried out the wishes of the decedent.   We

need not speculate as to whether the parties did not themselves originally place upon the paper the same construction which we are placing upon it. The paper itself fails to show testamentary intent on the part of the decedent, and the order of the Appellate Division affirming the decree for its probate should be reversed, with costs to appellants, and the application for probate denied.

CARDOZO, POUND and McLAUGHLIN, JJ., concur; HISCOCK, Ch. J., concurs in result; CRANE and ANDREWS, JJ., dissent.

Order reversed.