In the Matter of the Probate of the Codicil to the Last Will and Testament of FRANCES FREER MUCKLOW, Deceased.

SALLIE D. BULL, Executrix, etc., of FRANCES FREER MUCKLOW, Deceased, and Another, Appellants; WILLIAM B. MUCKLOW, Respondent.*

Third Department, July 6, 1934.

*Arthur R. Ellison*, for the appellant Sallie D. Bull.

*E. C. Barkman*, special guardian for Jessie Helen Graham, infant appellant.

*Edwin J. Carpenter*, for the respondent.

* Affd., 266 N. Y. ——.

BLISS, J. Frances Freer Mucklow, sometimes known as Frances Hungerford Mucklow, died on April 6, 1932, a resident of Schuyler county, leaving a last will and testament bearing date July 30, 1930, which was on the 9th day of May, 1932 admitted to probate in the Surrogate's Court of that county. This will, after bestowing certain specific legacies and setting up general bequests amounting to $10,000, contains the following paragraphs:

" 13. The money legacies hereinbefore made by me amount to $10,000.00. I will and direct that if the amount of money in my estate for distribution amounts to less than $10,000.00, that the amounts of all said money legacies shall be proportionately diminished, but that if the amount of money in my estate for distribution amounts to more than $10,000.00, that the amounts of all said money legacies shall be proportionately increased, hereby making said money legatees my residuary beneficiaries, upon the same terms and conditions as hereinbefore given.

" 14. I am making and will leave with this will a list of certain articles of little monetary value and request that my executors give such articles to the persons designated by me upon such list."

Thereafter it appointed executors with a power of sale of the real estate.

Decedent left her surviving a husband with whom she had not lived for the last twenty years before her death. He now petitions for the probate of the following instrument as a codicil to such will:

" China basket with cherries to Esther Wait

" Mahogany chest of drawers in my bedroom to John Kennedy

" Small drop-leaf table in my bedroom to Mrs. Arthur Herr

" Sampler and small picture of Morgan Freer to Willard Wheeler

" Picture of Grandmother Bull in back parlor to Edward M. Bull

" Mahogany drop-leaf table in back parlor to Sallie D. Bull

" Things in kitchen, in cupboard, and in closet to Sallie D. Bull to dispose of as she sees fit.

" Diamond sunburst pin to Sallie D. Bull

" White china compote on sideboard to George M. Lewis

" FRANCES HUNGERFORD MUCKLOW.

" Witnesses:

    HANNAH K. SULLIVAN

    ELIZABETH C. DONNELL

" WATKINS GLEN, N. Y., *Aug.* 10, 1931

    Subscribed & sworn to this ⎱
      10th day of Aug., 1931. ⎰

        E. C. COOPER,

           *Notary Public.*"

At the time Frances Hungerford Mucklow signed this paper there were present the two witnesses whose names appear upon it, E. C. Cooper, the notary public, and a Mrs. Sallie D. Bull. Hannah K. Sullivan is dead. Elizabeth C. Donnell and Sallie D. Bull testified that the testatrix did not declare the paper to be a codicil to her will.

E. C. Cooper, the notary, testified that at the time of its execution the testatrix said that it was a codicil and addition to a will that she had formerly made.

Edward M. Bull, a son of Sallie D. Bull, testified that he had prepared the paper for testatrix at her request several months previous to its execution, and at that time said that he need not put anything at the head of it as it was spoken of in her will. The day after its execution testatrix told Arthur R. Ellison, her attorney, who had prepared her will, that at last she had made out the list she spoke of in her will.

The jury answering certain questions of fact found that the formalities necessary for the execution of a testamentary instrument had been complied with and on this special verdict the surrogate admitted the document to probate as a codicil to the will of decedent valid to pass real and personal property.

The appealing contestants urge that the document is neither a will nor a codicil, it not being of a testamentary character or showing *animus testandi*. They place much weight on the opinion of the Court of Appeals in *Matter of May* (241 N. Y. 1). In that case the will bequeathed and devised all of testatrix's property to her husband. Later an instrument was propounded as a subsequent will and the probate of the earlier will revoked. The court wrote: " The paper propounded is extremely informal. It contains no express testamentary declaration, no attestation clause, no appointment of executors. It begins with the words ' Harley Merry House to go to my two daughters Florence and Blanche.' It contains no words of gift, bequest or devise except in so far as a bequest or devise might be inferred from the words above quoted and from similar words such as ' to my three grandchildren, $500 each, to be put in the savings bank until they become of age.' Undoubtedly the decedent indicated by these words a desire that ' Harley Merry House ' should eventually become the property of her two daughters and that her three grandchildren should eventually receive $500 each, and there are similar indications of desire in regard to other portions of her property. The informality of the paper, and the looseness of its language, would be no bar to our giving to any directions contained therein testamentary effect if we can glean from its language an intent on the part of the

decedent that the paper should have such effect. The courts must endeavor to find from the language used the actual intent of the decedent; if, from such language, it appears that the decedent intended to dispose of her property, or part of it, by means of the instrument signed by her, and to give that instrument the force of a will, it may be admitted as a will or as a codicil to her earlier will; if, on the other hand, it appears from the paper itself that the decedent intended that paper merely to express her wish or desire that part of her property should be eventually disposed of by her husband as therein suggested, it may be given no greater force than the decedent intended."

A document to be admitted to probate as a last will and testament or codicil thereto must appear upon its face to be of a testamentary character. The mere fact that a document has been executed with all of the formalities required of a will does not alone entitle it to probate as a will valid to pass property. It must appear to seek to accomplish some one or more of the purposes of a will. It may be a post-obit disposition of the property of the testator. It may dispose of property over which he has the power of disposition. It may appoint a testamentary guardian. It may only name an executor. All of these are testamentary objects, purposes to be posthumously accomplished. The term " will " includes a codicil. (Dec. Est. Law, § 2.) " A codicil does not usually supersede the will as would an after-made will. Its purpose is to alter, explain, qualify or revoke the will in the respects it defines. It is a part of the will, and the two are to be read and executed as one entire instrument." (*Bloodgood* v. *Lewis*, 209 N. Y. 95.) The paper which is probated as a will or codicil must represent the testator's determination, his direction to be later performed, the accomplishment of which will effect a testamentary purpose.

Our question then is whether the paper here propounded reflects an intent by the maker to perform some testamentary function. In determining this issue we must read the paper in connection with the will itself because, if admitted to probate, the will and the codicil become one will. We must find testamentary intention within the two documents read together. Reading the alleged codicil alone we find in it no expression of any testamentary intent. It does not indicate as of when it speaks. Its nature is nowhere indicated on the paper. It lacks an attestation clause. It is not denominated a codicil. It refers to no will. It exhibits no connection with or relation to any other document. It appears to be some sort of a memorandum with no directions contained therein. The only portion of the will to which it may be in any

way appended is the fourteenth paragraph. This states that the testatrix is making and will leave with the will a *list* of certain articles with the *request* that her executors give such articles to the persons designated by her upon such *list*. Reading that paragraph of the will together with the codicil we conclude that they attempt to perform no testamentary function unless it be the disposition of the articles of personal property named in the list. But we find no words of grant or conveyance, no dispository provisions. Nothing passes by them although the codicil has been admitted to probate as valid to pass both real and personal property. We glean no intention of a determination of direction in which the decedent's property is willed to go. There can be no doubt that the paper in question is the list mentioned in the fourteenth paragraph of the will. The testatrix herself so stated on more than one occasion. The paper itself bears every indication of it. It was intended to be that memorandum and nothing more. It represents her request to her executors. We may give the document no greater force than the testatrix herself intended. The fact that the testatrix called it a codicil, if she did, does not give it such character and such force and effect.

I recommend that the decree admitting the paper propounded to probate as a codicil to the last will and testament of decedent valid to pass real and personal property be reversed and the petition for probate dismissed.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order, decision and decree admitting instrument to probate as a codicil to the last will and testament of decedent valid to pass real and personal property reversed on the law and facts, and probate denied and petition dismissed, with costs to appellants payable out of the estate.

The court reverses all findings of fact contained in said order, decision and decree and disapproves all conclusions of law contained therein. The court finds that the instrument offered for probate as a codicil to the last will and testament of decedent is the list referred to in the fourteenth paragraph of the will of decedent and is not a codicil to said will.