In the Matter of the Estate of ALEXANDER RUNDBERG, Deceased.

Surrogate's Court, Richmond County, July 1, 1941.

*Harry A. Bostrom*, for the proponent.

*John T. Waters*, for the contestant.

BOYLAN, S. This is a contested probate proceeding. The question before the court is whether the paper offered for probate is a will or an agreement. The paper reads as follows:

" To whom it may concern:

" This is to certify that I have paid to the Swedish Home the sum of $2000 for my maintenance until death. It is also understood that I am entitled to leave the Home at any time I desire when the money will be restored to me with a reduction of $7 per week for the time that I have stayed at the Home. It is also understood that the Directors of the Home have the right, should they consider it necessary, to dismiss me from the Home on the same conditions. It is further understood that all the property and money left at my death shall go to the Home and that I will leave my bankbooks in the care of the Home. However, these bankbooks will at all times be available to me. I agree not to draw more than the interest on my money unless some emergency arises and with the consent of the Board of Directors.

" Alexander Rundberg.

" Witnesses:
  Egil F. Johnson
  Emil F. Johnson "

In the case of *Ga Nun* v. *Palmer* (216 N. Y. 603) the Court of Appeals had under consideration an instrument which in legal principle was analogous to the paper now offered for probate. In that case the plaintiff agreed with defendant's testatrix to care for her as long as she lived and the latter promised to pay her seventy dollars per month, " and at my death she is to have $20,000." Later the testatrix changed her mind and went to live with a friend until she died. Her will gave her friend everything. The court held that the instrument was not testamentary in character but was merely a contract. As to the legal effect of that instrument, the court said (p. 609): " Each promise in its entirety is the consideration for the other. It makes no difference in such circumstances that part of the reward is payable after death. The character of the promise is not changed by the time fixed for its performance. (*Hegeman* v. *Moon*, 131 N. Y. 462; *Carnwright* v. *Gray*, 127 N. Y. 92; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485.)"

This court is of the opinion that the paper offered for probate is not a will but is at most an agreement, and probate is, therefore, denied.

Submit decree denying probate.