## In the Matter of the Probate of the Will of HERBERT E. SAYERS, Deceased.

Surrogate's Court, Jefferson County, February 10, 1948.

*Mott & Wiltse* for Lottie L. Sayers and another, respondents.

*Cross, Foley & Steates* for Jessie V. Bolger, petitioner.

WRIGHT, S. Respondents have moved for the dismissal of the petition on the following grounds:

1. Said instrument which the petitioner seeks to have admitted to probate is not a last will and testament or codicil thereto of the decedent.

2. Said instrument which the petitioner seeks to have admitted to probate does not appear upon its face to be of a testamentary character.

3. Said instrument which the petitioner seeks to have admitted to probate fails in itself to show testamentary intent.

4. The aforesaid petition offers for probate said certain instrument in writing bearing date of November 11, 1943, which is not a last will and testament or codicil thereto of the decedent, and which does not appear on its face to be of a testamentary character, and which fails in itself to show testamentary intent.

The instrument is written on a business letterhead and, with the exception of the printing at the top of the paper and the signature of the witnesses, it appears to be in the same handwriting as the signature.

It reads as follows:

" NEW IDEA, INC.

Manufacturers of
New Idea        Factories at
Farm Equipment     Coldwater, O.
Since 1899        Sandwich, Ill.

124 Dickerson St.
~~Syracuse~~, New York
Utica,     ”   .   ”

11/11/43

I, Herbert. E. Sayers this day being in my right mind do hereby transfer and assign my present 1942 Dodge Automobile or any other car that I may own at the time of my death to Mrs Jessie Verda Bolger of 1023 West St Utica, N. Y.

I herby (*sic*) affix my Signature to this document.

Witnessed by
Agnes C. Nolan
Margaret Kambeitz

HERBERT E. SAYERS
My Signature. ”

This is one of the instances when it is not easy to determine whether the instrument is testamentary in character.

The law has not made requisite to the validity of the will that it should assume any particular form or be couched in language technically appropriate to its testamentary character.

Informality of the paper and looseness of its language is no bar to giving any directions contained therein testamentary effect if there can be gleaned from its language an intent on the part of the decedent that the paper should have such effect. The courts must endeavor to find from the language used the actual intent of the decedent; if, from such language it appears that the decedent intended to dispose of his property, or part of it, by means of the instrument signed by him, and to give that instrument the force of a will, it may be admitted as a will or as a codicil to an earlier will. (*Matter of May*, 241 N. Y. 1, 5.)

As I read the instrument it appears to me that the decedent intended to make a testamentary disposition of whatever automobile he might own at the time of his death.

Motion denied.