OPINION OF THE COURT
Diana A. Johnson, S.
In this probate proceeding, the decedent was survived by his spouse and three children. The decedent’s surviving spouse, Raquel Wolf, has petitioned for the probate of two instruments dated June 9, 2005 and June 21, 2006 purporting to be the decedent’s last will and testament and codicil thereto, respectively. The decedent’s son, Chaim Wolf, has cross-petitioned for probate of an instrument dated April 15, 2011 that provides the following:
“Commonwealth of Pennsylvania “County of Allegheny
“To my family and employees. I, Mr. Hirsch Wolf, would like the following instituted as soon as possible:
“1. Chaim will be in charge of making all decisions with me or for me.
“2. Chaim should be a signee on all my accounts.
This includes personal, business, and tzedaka.
“3. All dealings in the past as well as present resulting in financial gain and loss both personal and business, have been and are my business decisions.
“4. I would like Chaim involved in all my affairs and to be carbon copied (c.c.) on all correspondence pertaining to me on a daily basis.
*566 “5. I want my estate to stay intact throughout my life and the life of my wife, aside from disbursements my wife would like to make, i.e. education, yomim tovim, weddings birthdays, etc.
“6. I would like Chaim to work together with Mrs.
Wolf. (Raquel)
“7.1 would like Chaim’s salary to continue at a rate of $25,000 per month with an annual increase of 5% as of January 2011, to continue throughout my life and the life of my wife.
“8. I would like the two shuls in Passaic to remain under Chaim’s jurisdiction and he be in charge of making all decisions regarding them.
“9. I would like the letter that was previously written regarding Luxor Estates to be null and void.
The house should revert to it’s original status under Chaim’s name.
“10. I would like to give a one time disbursement of 3.5 million dollars to Chaim. This money is separate and in addition to the salary and portion that Chaim is entitled to as one of my children stipulated in my will.
“11. I would like Chaim to continue preserving the Wolf family legacy and his commitment to be respectful to his mother and to his sisters and shalom in the family.
“12. I want all dealings pertaining to Chaim and myself to be kept strictly confidential for the sake of peace in the family . This confidentiality should not be breached, even to my other children.”
The instrument appears to bear what purports to be the signatures of the decedent, the petitioner, two witnesses and a notary public commissioned in Pennsylvania.
The petitioner has moved for an order pursuant to CPLR 3211 (a) (7), dismissing the cross petition for failure to state a cause of action. The cross petitioner has opposed the motion to dismiss his cross petition.
A motion pursuant to CPLR 3211 (a) may be made any time before the service of a responsive pleading is required. The cross petitioner alleges that this motion to dismiss the cross petition must be denied as untimely. The cross petitioner has made no indication in his papers as to when he alleges the time to make the current motion expired, nor is there any indication as *567 to when service of process was completed on petitioner. The statute provides that objections may be filed by persons adversely affected by the probate of the proffered instrument on or before the return date of process with certain exceptions (SCPA 1410). Jurisdiction appears to have been completed in this matter on September 27, 2012 after the petitioner made the current motion. Therefore, the current motion was timely made.
CPLR 3211 (a) (7) provides for dismissal for failure to state a cause of action upon which relief may be granted. On a motion to dismiss, the court must determine whether a cause of action has been stated by viewing the pleading in the aspect most favorable to the pleader (Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300 [2001]). For the purposes of the motion, all of the allegations in the petition must be accepted as true (Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300 [2001]).
In her motion, the petitioner, by her attorney, alleges that New York law is applicable, even though the instrument was executed in Pennsylvania. The petitioner also argues that even were Pennsylvania law applicable, the proffered instrument would not be admissible to probate as a will under the laws of Pennsylvania. The cross petitioner argues, by his attorney, essentially that Pennsylvania law is applicable and if the document is admissible under Pennsylvania law, it is admissible in New York.
In New York, the statute provides that the substantive rules of wills attempting to dispose of real property are governed by the laws of the jurisdiction where the real property is situated. The substantive rules of wills attempting to dispose of personal property are governed by the laws of the jurisdiction of the decedent’s domicile (EPTL 3-5.1 [b]). Where a will attempts to dispose of real property in the State of New York or personal property, wherever situated, the formalities of a will’s execution and attestation may be governed by the laws of either New York, the state where the will was executed or the decedent’s domicile at the time of his death or execution (EPTL 3-5.1 [c]). The decedent’s estate consists of over $12,000,000 in real property located in New York State and approximately $50,000 of personal property. In addition, it is undisputed that the decedent was domiciled in New York. Therefore, the substantive laws of New York must be applied to determine if the proffered instrument is a valid will {see EPTL 3-5.1 [b]).
*568 In a probate proceeding, the petition must contain several allegations including a description of the instrument that the petitioner offers for probate (see SCPA 1402). Any instrument that the petitioner seeks to have admitted to probate must be testamentary in character (Matter of Rundberg, 177 Misc 43 [Sur Ct, Richmond County 1941]). The test in determining whether an instrument is a will, is whether the maker intended the instrument to have no effect until after the maker’s death, or whether he intended to transfer some present interest (Matter of Dash, 120 NYS2d 621 [Sur Ct, Queens County 1953]). The instrument must appear upon its face to be of testamentary character and the mere fact that it appears to have been executed with all of the statutory formalities required of a will does not alone entitle it to be admitted to probate (see Matter of Pascal, 309 NY 108 [1955]). The court must endeavor to determine from the language used the decedent’s intent (see Matter of May, 241 NY 1 [1925]).
The petitioner argues that the instrument lacks testamentary character because the beginning of the document contains the instruction that all of the following provisions should be “instituted as soon as possible.” In addition, the petitioner argues that all of the dispositions were designated to take place during the decedent’s lifetime. The cross petitioner argues that the decedent died only two months after the instrument was executed and that the decedent intended that the provisions in the' document take place after his death. For example, the intended “gift” of 3.5 million dollars was intended to be received after the decedent’s death.
This court has examined the proffered instrument. The court is not persuaded by the arguments of the cross petitioner. The instructions in the proffered instrument appear to be clearly intended and designated as inter vivos transactions as evidenced by the decedent’s instructions that they be “instituted as soon as possible.” The term “as soon as possible” on its face refers to the current affairs of the then living decedent, all inter vivos transactions without the requisite delay of the decedent’s demise that is required in a testamentary instrument.
Even if the proffered instrument was intended to act upon the decedent’s death as the cross petitioner now claims, the cross petitioner must show that it was intended to perform some testamentary functions. The instrument makes no posthumous dispositions, nor does it do any of the other acts normally found in a will such as appoint an executor empowered *569 to manage his estate after his death (see Matter of Mucklow, 242 App Div 111 [3d Dept 1934], affd 266 NY 513 [1935]).
In fact, the cross petitioner makes no claim that the instrument was intended as a will in his petition. An instrument may be admitted to probate as only a will or codicil (see SCPA 103 [52]; 1408; Matter of Sayers, 190 Misc 976 [Sur Ct, Jefferson County 1948]).
Rather than a will, the instrument reads more like an attempted power of attorney or an attempt to place the cross petitioner in charge of the decedent’s affairs. The document leaves the instruction that the cross petitioner is to make all of the decisions with the decedent or for the decedent, be in charge of his accounts, receive copies of all his daily correspondence and keep all matters between the cross petitioner and decedent confidential. Nowhere in the document does the decedent specify that it is intended as his last will and testament. Nowhere is there an attestation clause. Nowhere does the document refer to the decedent’s death. Moreover, the confidentiality instruction is anathema to a will which must become a public document in its admission to probate.
Even in viewing the pleadings in the light most favorable to the cross movant, the court finds that the document does not appear to be testamentary in character and thus may not be admitted as the decedent’s last will and testament.
Accordingly, the motion is granted and the cross petition seeking to admit the instrument dated April 15, 2011 is dismissed in its entirety.