Samuel Faile, S.
A legatee named in a previous, unfiled will has filed a petition to vacate a decree of this court dated September 8,1955 admitting to probate as the last will and testament of testator an instrument dated September 22, 1954. The application is not one to vacate a default, as petitioner was not cited in the probate proceeding and was not required to be cited under section 140 of the Surrogate’s Court Act as the earlier will was not filed in this office until after the later will had been admitted to probate.
The testator died on August 31,1955. His will was admitted to probate within eight days after his death. By this will testator devised and bequeathed his entire estate equally between his two sisters and expressly revoked all prior wills.
By paragraph “ second ” of an earlier will, dated August 1, 1947, the testator specifically devised premises known as 421 West 18th Street, 417 East 58th Street and 726 8th Avenue, all in the borough of Manhattan, to the petitioner who was described as “ my friend ”. By paragraph “ third ” of such will, testator bequeathed to petitioner the amount on deposit at his death in the New York Trust Company and his interest in a mortgage on premises known as 151 West 48th Street in the borough of Manhattan. By paragraph ‘ ‘ fourth ’ ’, testator bequeathed to petitioner all his jewelry and all paintings, except one, in addition to one third of all securities owned by him at time of his death, excepting certain securities mentioned in paragraph “ fifth ”. The residue of his estate was bequeathed equally between his two sisters.
Petitioner alleges that upon its execution the 1947 will was delivered to her by testator and remained in her possession until his death. It is undisputed that on several occasions after *561 August 31, 1955 to and including October 5, 1955 one of decedent’s sisters, Anna Hinder son, stated that she had not had time to go over testator’s papers and had not found a will and that decedent’s attorney did not have a will of testator, and that petitioner thereupon suggested that testator’s sister communicate with another designated attorney who also had represented the testator.
Petitioner alleges that she assumed that a member of the family or the attorney who had drawn the 1947 will would be required to take the necessary steps for its probate; that she first consulted a lawyer on October 7, 1955 and was advised by him that the will entrusted to her should have been filed and that she thereupon delivered to her attorney, with the request that he cause it to be filed, the 1947 will entrusted to her by the testator.
It does not expressly appear that the sister of testator knew that petitioner was named in any prior will or that such sister made any affirmative misrepresentations as to the later will until after its admission to probate. It is undisputed, however, that even after its admission to probate on a petition signed and verified by her on September 6, 1955, testator’s sister repeatedly made statements tending to establish the failure to locate any will of decedent.
The promptness with which the probate proceeding was caused to be instituted by testator’s sister and the expedition with which such proceeding was concluded, afforded petitioner a limited time to obtain competent legal advice to ascertain and preserve her rights and to be apprised of her obligations with respect to the earlier will.
The initial concealment of facts as to the later will or any failure on the part of testator’s sister to disclose to petitioner the existence of the later will may not be viewed as innocent or unintentional as against the background of later events. Petitioner alleges without contradiction that she and testator’s sister were in frequent communication from the time of the funeral to and including October 7,1955. The sister’s repeated statements that she had not had time to go over her brother’s papers; that she had not found a will, and that decedent’s attorney did not have a will are not disputed and were clearly designed to mislead petitioner. Knowledge of the existence of the earlier will as well as of its content must be imputed to testator’s sister in the light of the uncontradicted allegations as to the initial concealment of the existence of the later will and the subsequent misrepresentations importing her inability to establish its existence.
*562 The court determines that the initial concealment and subsequent misrepresentations as to the later will were designed to prevent or delay the filing of the earlier will and thereby to deprive petitioner of notice and of the right or opportunity to object to the probate of the later will.
Petitioner alleges that she and the decedent had been friends for more than 40 years; that her original meeting with him arose out of a business transaction, both being in the same type of business, and that they later became close personal friends. Facts are alleged from which it would appear that this friendship continued to the death of decedent. Petitioner alleges that about August 4, 1947 decedent delivered to petitioner a will dated August 1,1947 which was not made at her suggestion or request.
At the time of his death on August 31, 1955 the deceased was approximately 85 years of age. Petitioner alleges that at the time of execution of the later will on September 22, 1954, the decedent was confined to a hospital as the result of an accident sustained on June 26,1954, with nurses in attendance 24 hours a day. Petitioner visited decedent during his confinement in the hospital and while he was at home from June 26, 1954 to and including September 22, 1954 except during a period of a few weeks when he was confined to a nursing home. Petitioner alleges that during these visits which occurred once a week or once in every two weeks she was never alone with decedent except for one occasion in his home during September, 1954; and that on this occasion when his sister, Anna Hinderson, left the room for a few seconds, decedent told petitioner he had signed a power of attorney to his sister to pay certain bills.
The affidavit submitted by counsel for petitioner indicates that his investigation disclosed that at the time of the execution of the later will on September 22, 1954 the decedent was ill with pneumonia and was confined to his bed and was so weak that it was necessary to have a nurse in attendance at all times, and that the recovery from this illness was followed by an accident during 1955 as a result of which decedent suffered a fractured hip and was again stricken with pneumonia. Upon these facts the petitioner alleges that in her opinion on September 22, 1954 decedent was not sufficiently strong or well enough to appreciate the significance of the terms of the 1954 will including the omission of the provisions of the prior will for the benefit of petitioner.
Admittedly proponent’s attorney has refused to consent to the examination of records of the hospital in which decedent was confined and petitioner has therefore been unable to interrogate the doctors and nurses in attendance during such confinement. *563 The attorney who drew the earlier will visited decedent about the time of the execution of the later will in September, 1954 but has refused to make any statement as to the mental condition of decedent at that time on the claim of privilege.
The affidavit submitted in opposition to the application is made by the attorney for proponent and alleges facts tending to establish that the later will was executed in compliance with section 21 of the Decedent Estate Law; that at the time of execution the decedent possessed sufficient mental capacity to execute a will and that on September 17,1954 when decedent called proponent’s office and on September 22, 1954 when the will was executed in the hospital decedent was not ill with pneumonia, but was of sound mind, memory and understanding and was not under any restraint; that decedent suffered a fractured hip not during 1955, but on September 17, 1954; that he was discharged from the hospital on October 6, 1954.
The statutory authority of the Surrogate to open, vacate, modify or set aside a decree is provided for by subdivision 6 of section 20 of the Surrogate’s Court Act. Under such subdivision the Surrogate is empowered to vacate an order or decree “ for fraud, newly discovered evidence, clerical error, or other sufficient cause ”. Although a showing of a reasonable probability of success is ordinarily essential on an application to vacate a decree (Matter of Westberg, 254 App. Div. 320, revg. 165 Misc. 728, appeal dismissed 279 N. Y. 316), where the application is made to vacate a probate decree on the ground of fraud, petitioner is not required to show a reasonable probability of success in the prospective will contest. (Matter of Westberg, supra; Matter of Dittmar, 154 Misc. 28; Matter of Teller, 277 App. Div. 937.) As was stated in Matter of Teller (supra), if the allegations of the petition are true, petitioner has been deprived of a legal right, viz.: the right to an examination of the witnesses to the will and to file objections to probate.
The court determines that the allegations of the petition sufficiently establish that the conduct of the sister of decedent was actually or constructively fraudulent. Her initial failure to disclose the existence of the later will and the subsequent affirmative misrepresentations as to the nonexistence of the later will must be regarded as designed to prevent or delay the filing of the earlier will in order to deprive petitioner of the opportunity to file objections to probate. Her misconduct is not to be imputed, however, to the attorney for proponent and there is no intimation that he in any way counseled or abetted such action or that it occurred with his knowledge.
The petition to vacate the decree is accordingly granted.
Settle order.