Edgar F. Hazleton, S.
Mr. and Mrs. Louis E. Frorup, now deceased, were residents of Bay Shore, Long Island. Mrs. Frorup left a substantial estate, and within a year after her death her husband died leaving an estate substantially larger than that of his wife. Their wills have produced litigation of more than passing interest, the most recent of which has arisen in a somewhat unusual manner.
Louis Edwin Frorup passed from this life on April 21, 1957 at the age of 90. It appears that he left no known next of kin. A paper bearing date of June 6,1956 has been propounded as Mr. Frorup’s last will and testament by Clinton Ellsworth Lahy, who is the executor and sole beneficiary thereunder. Mr. Lahy is one of three surviving nephews of Mr. Frorup’s predeceased wife, Carrie Belle Frorup. Objections have been filed to the probate of this paper by Wilder M. Lahy and D. Orville Lahy, the other two nephews, and by Albert H. Lahy, the surviving brother of the late Mrs. Frorup. Wilder M. Lahy is the executor named in, and all of these gentlemen are beneficiaries under a paper bearing date of February 19, 1954, a copy of which they offer as the last will and testament of Mr. Frorup. The original of this paper apparently was destroyed by Mr. Frorup at the same time as the alleged execution of the paper dated June 6, 1956. The validity of its revocation by destruction is challenged on the same standard grounds of objections as the paper propounded by Clinton Ellsworth Lahy.
The will of Carrie Belle Frorup, after bequests of $1,000 to each of two friends of the testatrix, gave a life estate in the home of Mr. and Mrs. Frorup to her husband, remainder to Clinton Ellsworth Lahy, and the balance of the estate to Mr. Frorup. As a result of an examination before trial in the matter of the probate of the last will and testament of Louis E. Frorup, the attorneys for the objectant Wilder M. Lahy came to the conclusion that the will of Mrs. Frorup, although dated January 12,1955, was in fact signed on January 12,1956. Mrs. Frorup died on May 31, 1956 at the age of 86. This is *434 an application to vacate and set aside the decree of this court dated June 22, 1956 admitting that will to probate.
Wilder M. Lahy and Albert H. Lahy, the petitioners herein, each executed a paper in which he states that he “ does hereby appear in person and waive the issue and service of a citation * * * and consent that the Last Will and Testament of Carrie Belle Frorup deceased, bearing date the 12th day of January, 1955 be admitted to probate forthwith ”. The petitioners allege, and the respondents (Clinton Ellsworth Lahy and the two general legatees under Mrs. Frorup’s will) concede that the will in question was not executed on January 12, 1955; and that the actual date of this paper was January 12, 1956. The petitioners further allege that on January 12, 1956, Carrie B. Frorup lacked the requisite testamentary capacity to execute a will; that they were of that opinion on the dates each executed his waiver and consent to the probate of her will; that they had no knowledge that the will was executed on a day other than January 12, 1955, and relied upon the representation as to the date of execution contained in the waivers and consents; and, that had they known the actual date of the will when they executed their waivers and consents, they would not have executed them. The petitioner Wilder M. Lahy alleges scienter in addition to the foregoing; the petitioner Albert H. Lahy confines himself to a charge of constructive fraud only, the natural result of the admitted misrepresentation.
The respondents urge that the misdating of the will was inadvertant, citing the universal tendency to write the old instead of the new year on checks, letters and other papers in the month of January. That such was the case may well be, although the persistence of the wrong date in the petition for probate, waivers and consents, and other filed papers herein arouses one’s curiosity. There is no gainsaying that it was left to petitioner Wilder M. Lahy’s attorneys to find the truth anent the date of the will, and in a most roundabout way.
Considerable testimony was adduced on the hearing had on this application, at the end of which a motion to conform the pleadings to the proof was granted. I find as facts those allegations jointly made by petitioners, with the exception of the allegation of lack of testamentary capacity. Concerning the mental condition of the testatrix, it is inescapable that her actions betrayed symptoms of senility in the broad sense of that term. Such, on balance, is the testimony of the witnesses, including her physician for 10 years. Shortly' before the testatrix died, the doctor stated on the admission record of the Bay *435 Shore Nursing Home that she had been senile for the past 5 years. Senility is not necessarily inconsistent with testamentary capacity. (Matter of Beneway, 272 App. Div. 463, 467, 468.) However, it is generally progressive in nature ana the record herein does not indicate that Mrs. Frorup’s case was an exception to the rule. It is clear to this court that facts pertinent to the execution of the will signed January 12, 1956 did not exist one year before, on January 12, 1955, the wrong date typed into the will. The assertion that petitioners believed the testatrix to be without testamentary capacity on January 12, 1956, at the time of the execution of their waivers and consents, but did not so adjudge her as of January 12, 1955, is quite capable of belief.
The petitioners never intended to, nor did they in fact ever consent to the probate of a will executed on January 12, 1956. By virtue of their reliance on the misrepresentations as to the date of the will contained in their waivers and consents, however innocently made, they were effectively precluded from examining the subscribing witnesses and filing objections to the probate of the propounded paper (see Matter of Teller, 277 App. Div. 937, 938; Matter of Hinderson, 4 Misc 2d 559, 563). As distributees of testatrix, they were thus deprived of an unconditional right. Petitioner Wilder M. Lahy testified — and I see no reason not to believe him — that the true date of the will was not known to him until his attorneys discovered it in the fall of 1957; and there is nothing in the record to overcome the same allegation made by petitioner Albert H. Lahy. There being no question of laches here present, no reason exists for not restoring the parties to status quo ante. (See Matter of Teller, supra, p. 938.)
The court makes no finding with respect to whether or not a reasonable probability of success in a probate contest, based on lack of testamentary capacity, has been established. The record does not support the claim of actual fraud. In this application, however, neither a finding of reasonable probability of success nor a finding of actual fraud practiced is a prerequisite to the vacating of the decree of probate; for, to deny the relief herein sought would be to sanction fraud constructively, even though innocently, wrought by the misrepresentation of the date of the will in question. Subdivision 6 of section 20 of the Surrogate’s Court Act intends and justice dictates a different result.
Submit order on notice vacating and setting aside the decree of probate herein and permitting petitioners to file objections within 10 days of the entry thereof.