William J. Regan, S.
A petition for probate of the will of the above decedent was filed in this court on January 25, 1968. Listed as distributees therein are 10 persons, 9 of whom are adults. Waivers for these 9 were filed, 5 of them executed before January 25, 1968 and 4 executed between that date and January 31, 1968. The tenth distributee is an infant and appears by a guardian ad litem who has evidenced his firm intention of filing *221 objections to the probate of this will and requesting a jury trial of the issues.
Correspondence followed between some of the distributees and attorneys for the petitioners, copies being filed with this court, to the effect that the distributees were desirous of withdrawing and canceling their waivers previously filed. Some of the distributees further filed with the court documents entitled “withdrawal and rescission of waiver” with proper acknowledgments.
During this time counsel for the interested parties have appeared before this court on several occasions. It has been claimed that the attorney representing one of the proponents had acquiesced in the withdrawals, even to the extent of issuing a supplemental citation directed to one of these distributees to reacquire jurisdiction. The attorney representing the other proponent has appeared and seems to be satisfied to accept such withdrawals. However, counsel has appeared on behalf of the beneficiaries under the will who are neither proponents nor distributees and raises strenuous objections to these purported withdrawals, unless a separate application is made therefor and that such relief is warranted.
A waiver is defined as “a voluntary relinquishment of a known right ”. The execution of a waiver should be a voluntary act, free from fraud or error as to its effect. Much has been written in textbooks. See Warren’s Heaton on Surrogate’s Court (vol. 1, § 73, par. 4-A) and Jessup Bedfield Surrogates Law and Practice (vol. 2, § 1001), and case law, generally, with which this court is in agreement.
The court is satisfied that a withdrawal of a waiver should be based upon a petition setting forth all the essential facts showing sufficient grounds by reason of which the waiver should be permitted to be withdrawn. Counsel for the distributees submits ‘ ‘ that this Court may take judicial notice that a naked ‘ waiver of service of citation ’ form without supplemental guidance through an explanatory letter and a copy of the purported will is misleading per se.” The court is not convinced that this is so. Neither is the court satisfied with statements as to the extent to which misrepresentation, fraud, mistake, misunderstanding, etc., are necessary to permit a withdrawal.
In the matter before us the will has not yet been probated, temporary letters of administration have been issued, there evidently will be objections filed and a jury trial in any event, and it appears not to be prejudicial to anyone, so that the court believes an opportunity should be given to the distributees upon *222 sufficient cause shown to make individual applications so as not to be foreclosed from an attempt to withdraw waivers and involve themselves in objections to the will and the trial to follow. Each application will then be considered upon its individual merits.