■ In the Matter of the Estate of William J. Leeper, Deceased. Madeline Littke, Respondent; Clair Robert Eisenhauer, as Executor of William J. Leeper, Deceased, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: William Leeper died on

March 2, 1975 leaving a will in which he bequeathed his entire estate to two friends in equal shares. On March 4, 1975, the day of his funeral, his 79-year-old sister and a niece executed waivers of citation and consents to probate. The will was admitted to probate on May 9, 1975. On July 15, 1975 decedent's sister petitioned the court to vacate its May 9 decree. In her petition she stated that the decedent's will was not properly executed and that when she signed the waiver of citation and consent she was upset because she had recently attended her brother's funeral. She further stated that she was told that if she did not sign the waiver and consent, a citation would be served upon her by the Ontario Provincial Police, and that she signed because she was fearful of having the police come to her home. On September 5, 1975 an order was entered vacating the May 9 decree. The court abused its discretion in reopening this probate proceeding. A party seeking to set aside a probate decree entered upon his consent must show that such consent was obtained by fraud or overreaching (*Matter of Frutiger,* 29 NY2d 143), was the product of misrepresentation or misconduct (*Matter of Westberg,* 254 App Div 320), or that newly-discovered evidence, clerical error or other sufficient cause justifies the reopening of the decree (*Matter of Hinderson,* 4 Misc 2d 559, affd 2 AD2d 682; 1A Warren's Heaton, Surrogate Courts, § 121). Here there was no claim made which would satisfy any of these requirements. Recent bereavement or fear of being served with civil process is insufficient. (Appeal from order of Niagara County Surrogate —vacate decree of probate.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.