■ In the Matter of HYCINTHIA HALL, Deceased. ANN CHAMBERS, Respondent; STANLEY THOMPSON, Appellant.—In a probate proceeding, the objectant Stanley Thompson appeals from an order of the Surrogate's Court, Westchester County (Brewster, S.), dated March 27, 1990, which denied his motion to vacate a decree of the same court dated June 22, 1987, admitting the decedent's will to probate.

Ordered that the order is affirmed, with costs payable by the appellant personally.

"A party seeking to set aside a probate decree entered upon his consent must show that such consent was obtained by fraud or overreaching *(Matter of Frutiger,* 29 NY2d 143), was the product of misrepresentation or misconduct *(Matter of Westberg,* 254 App Div 320), or that newly-discovered evidence, clerical error or other sufficient cause justifies the reopening of the decree *(Matter of Hinderson,* 4 Misc 2d 559, affd 2 AD2d 682; 1A Warren's Heaton, Surrogate Counts, § 121)" *(Matter of Leeper,* 53 AD2d 1054, 1055). Here, the appellant read the waiver and consent to probate before signing it, and he "therefore is chargeable with knowledge of its contents and

effect" *(Matter of Boyle,* 107 AD2d 807, 808). The appellant's unsubstantiated and conclusory allegations that he did not understand the significance of the waiver and consent, and that he was suffering from bereavement and unspecified medical problems, do not provide a sufficient basis for vacatur of the probate decree *(see, Matter of Boyle, supra; Matter of Leeper, supra).*

We have examined the appellant's remaining contentions, and find that they are without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.