■ In the Matter of the Estate of ELMER H. BOBST, Deceased. MAMDOUHA S. BOBST et al., Appellants; ANNE B. HIGHLEY, Respondent. In the Matter of the Estate of ELMER H. BOBST, Deceased. ANNE B. HIGHLEY, Appellant; MAMDOUHA S. BOBST et al., Respondents. [651 NYS2d 26] —Orders, Surrogate's Court, New York County (Renee Roth, S.), entered July 6, 1995 and April 26, 1996, which denied the motion of the testator's granddaughter to vacate the 1979 probate decree entered pursuant to a settlement agreement, and dismissed the application of the testator's widow and the charitable foundation bearing their names for damages and injunctive relief against the granddaughter for her breach of the settlement agreement, unanimously affirmed, without costs.

Denial of vacatur without a hearing was appropriate, despite the apparent conflict in the medical expert opinion. The determination of whether the granddaughter had been capable of protecting her legal rights at the time of the 1979 settlement turns not on any technical diagnosis or psychological classification, but on a pragmatic assessment of her daily living skills and all of the facts and circumstances relevant to her ability to safeguard her legal rights (*see, Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812). Here, contrary to the granddaughter's claim that she was incapable of challenging the 1979 settlement agreement because she had been incapacitated by posttraumatic stress syndrome suffered as a result of long-term abuse, the unrebutted affidavits of the attorneys who had participated in the settlement demonstrate that, rather than having been disabled, the granddaughter had effectively employed the potential for publicity afforded by her allegation of sexual abuse as a negotiating tool.

The Surrogate also correctly rejected the claim that the settlement should be vacated because of fraud or breach of fiduciary obligation. The gravamen of these claims was that the court lacked jurisdiction over the granddaughter in the absence of a guardian ad litem to represent her, where the widow knew of the granddaughter's incapacity and committed fraud on the court in not advising it thereof (see, Oneida Natl. Bank & Trust Co. v Unczur, 37 AD2d 480, 484). However, there was no allegation that the widow was on notice of any claimed disability.

While the merit of the challenge to the will need not have been shown since the ground for vacatur was jurisdictional, the Surrogate correctly observed that the asserted grounds for upsetting the will, lack of testamentary capacity and undue influence, were set forth in conclusory fashion without any allegations of fact. Moreover, moral deficiencies do not negate testamentary capacity (see, Matter of Anna, 248 NY 421, 426), and the opportunity for undue influence does not mean that it was exercised.

We note, however, that laches would not have barred vacatur, since the claim was that the decree was made without jurisdiction (see, Matter of Roberts, 19 AD2d 391, 396).

The claims for breach of the settlement agreement's confidentiality provision were not viable since the granddaughter sought to vitiate on jurisdictional grounds the very agreement for which breach was claimed. The granddaughter's assertion of fraud and breach of fiduciary obligation as grounds for vacatur was part and parcel of the jurisdictional argument, as previously noted, and not separate grounds for vacatur.

We have considered appellants' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Tom and Andrias, JJ. [See, 165 Misc 2d 776.]