■ In the Matter of the Estate of Isidore Sisko, Deceased. Rochelle Moser, Appellant; Anne S. Pollin, Respondent. [704 NYS2d 114] —In a probate proceeding, Rochelle Moser appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated January 12, 1999, which granted the motion of Anne Sisko Pollin for summary judgment dismissing her application, *inter alia,* for leave to withdraw her waiver and consent to the probate of the will of Isidore Sisko, which was admitted to probate by a decree of the same court dated August 30, 1994, and denied her cross motion, among other things, for summary judgment or a trial on the application, and, in effect, to compel the deposition of Hyman Sisko.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion and denying those branches of the cross motion which were for a trial on the application to withdraw the waiver and consent and, in effect, to compel the deposition of Hyman Sisko, and substituting therefor provisions denying the motion and granting those branches of the cross motion which were for a trial on the application and, in effect, to compel the deposition of Hyman Sisko; as so modified, the order is affirmed, with costs to the appellant payable by Anne Sisko Pollin personally; and it is further,

Ordered that Hyman Sisko shall appear for a deposition within 60 days after service of a copy of this decision and order, with notice of entry, upon Anne Sisko Pollin.

The appellant, Rochelle Moser, is the only child of the decedent, Isidore Sisko. The respondent, Anne Sisko Pollin, Sisko's sister, is the sole devisee, the executrix, and the proponent of the will offered for probate. In June 1994 Moser signed a waiver and consent to the probate of the will. Moser subsequently petitioned the Surrogate, challenging the will as a forgery and as having been improperly executed, and sought to withdraw her waiver and consent. Pollin moved for summary judgment dismissing Moser's application. Moser crossmoved, *inter alia,* for summary judgment or a trial on her application and for related relief. The Surrogate granted the motion, denied the cross motion, and dismissed the application. The Surrogate found that Moser "failed to present facts sufficient to show fraud, misrepresentation, coercion or other grounds tending to destroy the validity of the waiver".

We disagree. " 'A party seeking to set aside a probate decree entered upon his [or her] consent must show that such consent was obtained by fraud or overreaching * * * was the product of misrepresentation or misconduct * * * or that newly-discovered evidence, clerical error or other sufficient cause justifies the reopening of the decree' " (*Matter of Hall,* 185 AD2d 322, quoting *Matter of Leeper,* 53 AD2d 1054, 1055; *see also, Matter of Frutiger,* 29 NY2d 143; *Matter of Westberg,* 254 App Div 320). In opposition to Pollin's motion for summary judgment, Moser raised issues of fact with regard to the procurement of the waiver and consent, as well as sufficient evidence pointing to the invalidity of the will, to open probate. At her deposition in this matter, Dr. Laura Monserrat, one of the two witnesses to the will, testified that she subscribed to the will as a witness after the death of the decedent and did not see him sign the will. Moreover, Moser submitted an affidavit from an expert stating his opinion that the decedent's signature was forged. The issues of fact regarding the will's authenticity preclude a finding that Moser's waiver and consent to probate were knowing and voluntary (*see generally, Matter of Bissell,* 57 Misc 2d 220).

The Surrogate properly denied that branch of Moser's cross motion which was for summary judgment. The Surrogate must determine issues relating to the credibility of Moser's witnesses at a trial. Before trial, Moser must be afforded the opportunity to depose her uncle Hyman Sisko, the other witness to the will. His testimony is "material and necessary" to the prosecution of the proceeding (*see,* CPLR 3101 [a]).

The parties' remaining contentions are either without merit or are academic in light of our determination. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.