■ In the Matter of the Estate of VINCENT LOVERME, Also Known as VINCENZO LOVERME, Deceased. CARMELA LANA, Appellant; ROSA LOVERME, Respondent. [812 NYS2d 631]—

In a proceeding to vacate a decree issued on August 23, 2003, which admitted to probate a will dated May 30, 2002, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated February 16, 2005, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, with costs, and the proceeding is reinstated.

The decedent, Vincent Loverme, also known as Vincenzo Loverme, was married three times and died on July 1, 2003 without issue. In 1993 the decedent executed a will leaving his estate to his then-second wife and various members of his extended family, including sisters, nieces, and nephews. In 2000 the decedent entered into his third marriage with Rosa Loverme, the niece of his first wife, and in May 2002 executed a will naming Rosa as executrix and leaving his entire estate to her.

The 1993 will was not filed with the Surrogate's Court. On August 21, 2003 the Surrogate's Court admitted for probate the May 2002 will and issued letters testamentary to Rosa Loverme. In June 2004 the petitioner Carmela Lana, the decedent's niece and executrix named in the 1993 will, moved to vacate the probate decree on the grounds of undue influence and lack of testamentary capacity. The petitioner sought to have admitted

to probate the 1993 will, which the petitioner contends is the decedent's true last will and testament. The Surrogate's Court, without a hearing, denied the petition and dismissed the proceeding.

"Because vacatur disrupts the orderly process of administration and creates a continual aura of uncertainty and nonfinality, a probate decree will be vacated only in extraordinary circumstances" (*Matter of Bobst*, 165 Misc 2d 776, 782 [1995], *affd* 234 AD2d 7 [1996], citing *Matter of Stern*, NYLJ, July 20, 1994, at 26, col 3; *see Matter of Musso*, 227 AD2d 404, 405 [1996]). However, it is equally true that "the Court should also be slow to say that an injustice may not be corrected" (*Matter of Musso, supra* at 405 [internal quotation marks omitted]). An application to vacate a probate decree is addressed to the discretion of the court (*see Matter of Musso, supra*).

The Surrogate's Court improvidently exercised its discretion in denying the petition without first conducting a hearing and affording the petitioner an opportunity to be heard. A petitioner seeking to vacate a probate decree must establish "with some degree of probability that his [or her] claim is well founded, and that, if afforded an opportunity, he [or she] will be able to substantiate it" (*see Matter of Musso, supra* at 406 [internal quotation marks omitted]). Here, the petitioner demonstrated a substantial basis for contesting the 2002 will.

The petitioner submitted documentary proof tending to support her claim that the decedent was suffering from advanced stages of Alzheimer's disease at the time he executed the 2002 will, less than a year before his death. Medical records and a missing persons report both indicated that the decedent suffered from memory loss and was confused. The 1993 will, executed when the decedent was still married to his second wife, indicated that his testamentary intentions were to leave his estate to his then-wife and various members of his extended family with whom the decedent was close as indicated by the various affidavits submitted by the petitioner in support. While bequeathing one's entire estate to one's spouse is not unusual or inexplicable, here, the relatively short duration of time between the decedent's marriage to Rosa Loverme and the execution of his new will (two and one-half years), and the complete elimination of his extended family from his testamentary plan under the new will, suggest that undue influence possibly was exerted on the decedent. Miller, J.P., Adams, Santucci and Fisher, JJ., concur.