In the Matter of the Estate of CARL GIFFORD, Deceased. DAVID GIFFORD, Appellant; FRANCES GOFF et al., as Coexecutors of CARL GIFFORD, Deceased, Respondents. [813 NYS2d 815]—

Crew III, J. Appeals (1) from an order of the Surrogate's Court of Delaware County (Becker, S.), entered August 23, 2004, which, inter alia, dismissed petitioner's application to withdraw his waiver and consent to probate, and (2) from an order of said court, entered August 5, 2005, which, inter alia, denied petitioner's motions for reconsideration.

Decedent died in January 2002 and left a will bequeathing his estate to four of his six surviving children—John Gifford and respondents (Frances Goff, Jeanne Gauthier and Michael Gifford). Petitioner and his remaining brother, Henry Gifford, were excluded from decedent's will. In February 2002, petitioner executed a waiver and consent to probate of decedent's will. Thereafter, in or about July 2004, petitioner pro se moved to withdraw the waiver and consent, contending that respondents, the coexecutors of decedent's will, fraudulently induced him to execute such document by promising him one sixth of decedent's estate and thereafter failed to honor their oral agreement in this regard. Despite the apparent absence of any opposing papers, Surrogate's Court dismissed petitioner's application, finding, among other things, that petitioner's conclusory allegations did not provide a sufficient basis for vacatur of the probate decree. Petitioner's subsequent motions for reargument and renewal also were denied by Surrogate's Court, prompting these appeals.[1]

We affirm. "A party seeking to set aside a probate decree entered upon his consent must show that such consent was obtained by fraud or overreaching, was the product of misrepresentation or misconduct, or that newly-discovered evidence,

1. Respondents did not file a brief on appeal and instead are relying upon the decision of Surrogate's Court.

clerical error or other sufficient cause justifies the reopening of the decree" (*Matter of Leeper*, 53 AD2d 1054, 1055 [1976], *appeal dismissed* 42 NY2d 910 [1977] [citations omitted]; *see Matter of Frutiger*, 29 NY2d 143, 149-150 [1971]; *Matter of Sisko*, 270 AD2d 276, 277 [2000]; *Matter of Hall*, 185 AD2d 322 [1992]). In support of his application, petitioner averred that he entered into an oral agreement with Goff and Gauthier, pursuant to the terms of which he and his brothers John Gifford and Henry Gifford would execute the subject waiver and consent to probate and, in return, each of decedent's surviving children would receive one sixth of decedent's estate. According to petitioner, this agreement came about because decedent's will "was not fair to everybody involved and agreeing to probate would get the monies released faster."[2] Petitioner stated that he received $2,000 from Goff in April 2002 but that no further moneys were received. Although petitioner also submitted an affidavit from John Gifford to support his contentions in this regard, such affidavit actually casts doubt upon petitioner's understanding of the alleged oral agreement. According to John Gifford, he made a "pact" with Goff and Gauthier whereby he would execute the waiver and consent to probate in exchange for receiving one sixth of "their share" of decedent's estate. In other words, while petitioner alleges that there was an agreement affording each sibling one sixth of decedent's estate outright, his brother's affidavit admits only to an agreement to receive some portion of the proceeds otherwise bequeathed to Goff and Gauthier pursuant to decedent's will. Notably, petitioner does not assert either that he was unaware that he executed the underlying waiver and consent to probate or that he failed to comprehend the legal effect of such document. Under such circumstances, and in the absence of any other evidence to support petitioner's unsubstantiated allegations of fraud, we cannot say that Surrogate's Court abused its discretion in dismissing petitioner's application.

Nor are we persuaded that Surrogate's Court erred in denying petitioner's motions to reargue and renew. The denial of a motion to reargue is not appealable (*see Matter of Davis v Goord*, 20 AD3d 785, 786 [2005], *lv dismissed and denied* 5 NY3d 861 [2005]) and, with regard to the motion to renew, petitioner failed to, among other things, offer a justifiable excuse for not presenting the allegedly new evidence—namely, an updated affidavit from John Gifford and an affidavit from his friend, Roy Nabinger, in the first instance (*see id.* at 610). Petitioner's remaining contentions, including his assertion that Surrogate's

---

2. The gross value of decedent's estate exceeded $1 million.

Court erred in failing to appoint a guardian ad litem and in finding insufficient evidence of decedent's alleged incapacity at the time of the will's execution, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.