■ In the Matter of the Estate of ASHLEY ROBERT TITUS, Deceased, Respondent. PATRICIA NICOTERA, Appellant. [834 NYS2d 412]—

Appeal from an order of the Surrogate's Court, Chautauqua County (Stephen W. Cass, S.), entered May 12, 2006. The order dismissed the petition seeking, inter alia, an order revoking the waiver of process and consent to probate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, an order revoking the waiver of process and consent to probate (waiver and consent) that she executed for the estate of her father and vacating probate. Petitioner contends that she signed the waiver and consent without realizing that, by doing so, she would be foreclosed from challenging her father's will and its provisions. The waiver and consent was filed before petitioner attempted to revoke it, and Surrogate's Court issued letters testamentary.

The Surrogate properly dismissed the petition. "A party seeking to set aside a probate decree entered upon his consent must show that such consent was obtained by fraud or overreaching . . . , was the product of misrepresentation or misconduct . . . , or that newly-discovered evidence, clerical error or other sufficient cause justifies the [relief sought]" (*Matter of Leeper*, 53 AD2d 1054, 1055 [1976], *appeal dismissed* 42 NY2d 910 [1977]). Here, petitioner failed to make such a showing. A "consent is clearly and essentially a stipulation made by a party to the proceeding[,] and it must be treated in accordance with the rules governing stipulations in actions generally" (*Matter of Frutiger*, 29 NY2d 143, 148). The record establishes that petitioner, a certified public accountant with a Master's degree in business administration, signed and returned the waiver and consent to counsel for her father's estate. She was also provided with a copy of the will prior to executing the waiver and consent. We thus conclude that petitioner's "unsubstantiated and conclusory allegations that [s]he did not understand the significance of the waiver and consent . . . do not provide a sufficient basis for vacatur of the probate decree" (*Matter of Hall*, 185 AD2d 322, 323 [1992]; *see Leeper*, 53 AD2d at 1055). Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.