■ In the Matter of the Estate of MARIE COCCIA, Also Known as MARIE V. COCCIA, Also Known as MARIA COCCIA, Deceased. RICHARD A. COCCIA, Respondent; ROBERT COCCIA, Appellant. [874 NYS2d 224]—

In a probate proceeding, the objectant, Robert Coccia, appeals from an order of the Surrogate's Court, Kings County (Torres, S.), dated June 26, 2008, which denied his motion to vacate a decree of the same court dated May 25, 2007, admitting the decedent's will to probate.

Ordered that the order is affirmed, with costs.

After signing a waiver and consent to probate, the appellant moved to vacate the decree admitting the decedent's will to probate on the ground that the testator lacked testamentary capacity. Unlike a nonparty seeking such relief, who need only "demonstrate a substantial basis for its contest and a reasonable probability of success through competent evidence that would have probably altered the outcome of the original probate proceeding" (*Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d 82, 96 [2008]), a party seeking to set aside a decree admitting a will to probate entered upon his or her consent " 'must show that such consent was obtained by fraud or overreaching (*Matter of Frutiger*, 29 NY2d 143), was the product of misrepresentation or misconduct (*Matter of Westberg*, 254 App Div 320), or newly discovered evidence, clerical error or other sufficient cause justifies the reopening of the decree (*Matter of Hinderson*, 4 Misc 2d 559, *affd* 2 AD2d 682)' " (*Matter of Hall*, 185 AD2d 322, 322 [1992], quoting *Matter of*

*Leeper*, 53 AD2d 1054, 1055 [1976]). The appellant's unsubstantiated and conclusory allegations that he did not appreciate or understand the significance of the waiver and consent were insufficient to satisfy this standard (*see Matter of Frutiger*, 29 NY2d 143 [1971]; *Matter of Hall*, 185 AD2d at 323; *Matter of Boyle*, 107 AD2d 807 [1985]; *Matter of Leeper*, 53 AD2d at 1055; *see also Matter of Ancona*, 17 AD3d 584 [2005]). The appellant's challenge to the decedent's testamentary capacity did not constitute a basis upon which to vacate the decree admitting the will to probate since it did not provide the "sufficient cause" necessary to justify reopening the decree. The appellant was in possession of the medical certification concerning the decedent's alleged mental incapacity upon which he relied soon after it was prepared in October 2005, which was almost $1\frac{1}{2}$ years prior to the decedent's death. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.