■ In the Matter of the Estate of ELSA K. BRYER, Deceased. ELLIOTT K. BRYER, Appellant; THE BANK OF NEW YORK et al., Respondents. [901 NYS2d 160]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about November 18, 2008, which granted respondents' motion for summary judgment dismissing petitioner's application to vacate a 1994 decree admitting his mother's will to probate, unanimously affirmed, without costs.

A party seeking to set aside a decree admitting a will to probate entered upon his or her consent bears the initial burden of articulating a claim of good cause to set aside the waiver based upon a showing that such consent was obtained by fraud or overreaching, was the product of misrepresentation or misconduct, or other sufficient cause that justifies the reopening of the decree (*see Matter of Frutiger*, 29 NY2d 143 [1971]; *Matter of Wright*, 271 AD2d 201 [2000]; *Matter of Westberg*, 254 App Div 320 [1938], *appeal dismissed* 279 NY 316 [1938]).

Here, petitioner failed to make such a showing. His claim that his father used financial leverage over him to obtain the waiver and consent does not provide a sufficient basis to make out a claim of economic duress (*see e.g. 767 Third Ave. LLC v ORIX Capital Mkts., LLC*, 26 AD3d 216, 218 [2006], *lv denied* 8 NY3d 803 [2007]; *Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249 [1989]). Nor does the affirmation of petitioner's former psychiatrist demonstrate that petitioner suffered from a cognizable mental disability at the time he signed the waiver

and consent, and the evidence does not show that petitioner was otherwise incapable of safeguarding his legal rights at that time (*see Matter of Bobst*, 234 AD2d 7 [1996], *lv dismissed* 90 NY2d 844 [1997]).

Furthermore, absent a valid excuse for the 12-year delay in seeking to vacate the decree, and given the prejudice that would result from revoking the probate decree, petitioner was guilty of gross laches (*see Matter of Linker*, 23 AD3d 186, 189 [2005]).

We have considered petitioner's remaining arguments, including his challenge to his mother's testamentary capacity, and find them unavailing. Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.