# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1296**

**CA 13-00464**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF THE ESTATE OF MOOSHI R.
NAMORDI, DECEASED.
------------------------------------------
NICOLE NAMORDI, PETITIONER-APPELLANT;

CLIFFORD FORSTADT, ESQ., EXECUTOR OF THE
ESTATE OF MOOSHI R. NAMORDI, DECEASED,
RESPONDENT-RESPONDENT.

MEMORANDUM AND ORDER

---

THE LAW OFFICES OF PHILIP A. BAUMGARTEN, LARCHMONT (PHILIP A. BAUMGARTEN OF COUNSEL), FOR PETITIONER-APPELLANT.

CLIFFORD FORSTADT, DEWITT, FOR RESPONDENT-RESPONDENT.

---

Appeal from a decree (denominated order) of the Surrogate's Court, Onondaga County (Ava S. Raphael, S.), entered May 15, 2012. The decree dismissed the petition seeking, inter alia, vacatur of a decree of probate.

It is hereby ORDERED that the decree so appealed from is unanimously affirmed without costs.

Memorandum: Mooshi R. Namordi died on February 11, 2009, leaving a will in which he created residuary trusts for the benefit of his daughter (petitioner) and her son, and devised real property to petitioner's former husband. Petitioner signed a waiver of process and consent to probate on March 3, 2009, and the will was subsequently admitted to probate on April 3, 2009. On April 5, 2012, petitioner sought vacatur of the decree of probate on the ground of "newly-discovered evidence," and Surrogate's Court dismissed the petition without a hearing. We affirm. We reject petitioner's contention that the Surrogate erred in dismissing the petition. Although a party seeking to set aside a decree of probate entered upon that party's waiver of process and consent to probate may indeed submit newly-discovered evidence as a ground for justifying the reopening of the decree (*see Matter of Leeper*, 53 AD2d 1054, 1055, *appeal dismissed* 42 NY2d 910), here petitioner failed to do so. In light of our determination, we conclude that petitioner's remaining contentions are without merit.

Entered: December 27, 2013

Frances E. Cafarell
Clerk of the Court