■ In the Matter of ANTHONY SAGINARIO, Deceased. TERRI ANN MEYER, Respondent; FRANCINE SAGINARIO, Appellant. [988 NYS2d 900]—

In a probate proceeding, Francine Saginario, executor of the estate of Anthony Saginario, appeals from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated October 17, 2013, which denied her motion pursuant to CPLR 3211 (a) to dismiss the petition of Terri Ann Meyer, granted that branch of the petition of Terri Ann Meyer which was to vacate a decree of the same court dated June 6, 2011, admitting to probate the last will and testament of Anthony Saginario, and revoked the letters testamentary granted to the executor.

Ordered that the order is affirmed, with costs.

On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.* 108 AD3d 634, 636 [2013]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Here, the petitioner, Terri Ann Meyer, sufficiently alleged that the decedent, Anthony Saginario, "openly and notoriously acknowledged [her] as his own [child]" and, thus, she may be entitled to inherit from him (EPTL 4-1.2 [a] [2] [C] [ii]; *see also Matter of Anne R. v Estate of Francis C.*, 234 AD2d 375, 376 [1996]). Accordingly, the Surrogate's Court properly denied the executor's motion pursuant to CPLR 3211 (a) to dismiss the petition.

" 'Because vacatur disrupts the orderly process of administration and creates a continual aura of uncertainty and nonfinality, a probate decree will be vacated only in extraordinary circumstances' " (*Matter of Loverme*, 27 AD3d 747, 748 [2006], quoting *Matter of Bobst*, 165 Misc 2d 776, 782 [Sur Ct, NY County 1995], *affd* 234 AD2d 7 [1996]). "However, it is equally true that 'the Court should also be slow to say that an injustice may not be corrected' " (*Matter of Loverme*, 27 AD3d at 748, quoting *Matter of Musso*, 227 AD2d 404, 405 [1996]). "A petitioner seeking to vacate a probate decree must establish 'with some degree of probability that his claim is well founded, and that, if afforded an opportunity, he will be able to substantiate it' " (*Matter of Musso*, 227 AD2d at 406, quoting *Matter of Leslie*, 175 App Div 108, 112 [1916]). An application to vacate a probate decree is committed to the discretion of the court (*see Matter of Loverme*, 27 AD3d at 748; *Matter of Musso*, 227 AD2d at 405). Here, the

petitioner showed with some degree of probability that she is a nonmarital child of the decedent and that, if afforded an opportunity, she will be able to substantiate her claim. Accordingly, the Surrogate's Court did not improvidently exercise its discretion when it vacated its decree dated June 6, 2011. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.