■ In the Matter of HIMAN BROWN, Deceased. BARRY BROWN, Appellant; RICHARD L. KAY, Respondent. [42 NYS3d 23]—

Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered February 23, 2015, which, insofar as appealed from as limited by the briefs, admitted a will dated October 20, 2004 to probate, unanimously affirmed, without costs.

The will bequeaths decedent's entire estate to nonparty Radio Drama Network, Inc. Thus, the only way objectant can argue that Richard L. Kay (the proponent of the will) tricked decedent is by challenging the October 20, 2004 restatement of the Himan Brown Revocable Trust. However, as the Surrogate noted, objectant lacks standing to contest the 2004 restatement because he had no beneficial interest in any prior version of the trust (see Matter of Ramm v Allen, 118 AD3d 708, 709-710 [2d Dept 2014]). Accordingly, the objections of fraud and undue influence were properly dismissed.

The objections that decedent lacked capacity to make a will and that the will was not duly executed can exist independent of objectant's challenges to the restatement of the trust. However, this issue is not properly before us on this appeal.

Objectant objects to the uncertified visiting nurse report submitted by proponent. However, this does not create a triable issue of fact as to capacity. Proponent did not rely solely on the report. Rather, he submitted transcripts of depositions of an attesting witness and of people who knew decedent. This type of testimony is acceptable (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Fiumara, 47 NY2d 845, 847 [1979]).

We have considered objectant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.