■ In the Matter of ENRIQUE C. PARADA, Deceased. DEBORAH A. PARADA, Respondent; ERICK P. PARADA, Appellant. [52 NYS3d 426]—

In a probate proceeding, Erick P. Parada appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated July 30, 2015, which denied his motion to vacate his waiver and consent to probate the last will and testament of the decedent dated May 9, 2007, and to the issuance of letters testamentary to the proponent, to revoke the letters testamentary issued to the proponent, to invalidate the last will and testament of the decedent, and, in effect, to vacate a decree of the same court entered December 1, 2014, admitting to probate the last will and testament of the decedent and issuing letters testamentary to the proponent.

Ordered that the order is affirmed, with costs.

After signing a waiver and consent to probate the last will and testament of the decedent and to the issuance of letters testamentary to the proponent, the appellant, the decedent's son, moved to vacate the waiver and consent, revoke the letters testamentary issued to the proponent, invalidate the will and, in effect, vacate a decree entered December 1, 2014, admitting the will to probate and issuing letters testamentary to the proponent. The Surrogate's Court denied the motion.

" 'A party seeking to set aside a probate decree entered upon his [or her] consent must show that such consent was obtained by fraud or overreaching (*Matter of Frutiger*, 29 NY2d 143 [1971]), was the product of misrepresentation or misconduct (*Matter of Westberg*, 254 App Div 320 [1938]), or that newly-discovered evidence, clerical error or other sufficient cause justifies the reopening of the decree' " (*Matter of Hall*, 185 AD2d 322, 322 [1992], quoting *Matter of Leeper*, 53 AD2d 1054, 1055 [1976]; *see Matter of Coccia*, 59 AD3d 716, 716 [2009]). " '[B]ecause vacatur disrupts the orderly process of administration and creates a continual aura of uncertainty and nonfinality, a probate decree will be vacated only in extraordinary circumstances' " (*Matter of Loverme*, 27 AD3d 747, 748 [2006],

quoting *Matter of Bobst*, 165 Misc 2d 776, 782 [1995]; *see Matter of Saginario*, 119 AD3d 697, 698 [2014]; *Matter of Musso*, 227 AD2d 404, 405 [1996]). "An application to vacate a probate decree is committed to the discretion of the court" (*Matter of Saginario*, 119 AD3d at 698; *see Matter of Musso*, 227 AD2d at 405).

Here, the appellant alleged that he was coerced into signing the waiver and consent based upon statements allegedly made by the proponent's attorney to the attorney who represented the appellant at the time he executed the waiver and consent that, unless he executed the waiver and consent, criminal charges for trespassing upon the decedent's house after the decedent's death would be pursued. These allegations were unsubstantiated. Similarly, the appellant's claim that he received repeated telephone calls from a police detective investigating the charges when the appellant returned home to Florida prior to signing the waiver and consent was also unsubstantiated. Thus, the appellant's claim that his consent was given under duress was not supported by the evidence in the record (*see Matter of Leeper*, 53 AD2d at 1055).

In addition, the Surrogate's Court properly found that the appellant failed to show a reasonable probability of success in contesting the validity of the will. The appellant failed to rebut the presumption of regularity that the will was properly executed given that the attorney who drafted the will supervised its execution and, in their affidavits accompanying the will, two disinterested witnesses swore that the decedent signed the will in their presence (*see* EPTL 3-2.1; *Matter of Derrick*, 88 AD3d 877, 879 [2011]; *Matter of James*, 17 AD3d 366, 367 [2005]; *Matter of Finocchio*, 270 AD2d 418, 418 [2000]). The opinions of the appellant's two handwriting experts were conclusory, as neither provided any analytical basis as to how they arrived at their conclusions that the signature on the will was not that of the decedent (*see Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.*, 65 AD3d 510, 512 [2009]).

The appellant's remaining contentions are without merit.

According, the Surrogate's Court providently exercised its discretion in denying the appellant's motion. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.