Accordingly, I vote to reverse the order, and grant the petition.

■ In the Matter of FANNIE SCHNALL, Deceased. ROCHELLE NECHIN-PESCOW, Respondent; KEITH BOSTWICK et al., as Executors of the Estate of BEATRICE SCHNALL BOSTWICK, Deceased, Appellants. CAROL ELCHONESS BEESMER et al., Nonparty Respondents. [63 NYS3d 459]—

Appeal from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated January 11, 2016. The order, insofar as appealed from, upon renewal, in effect, vacated the determination in an order of that court dated July 10, 2015, denying the motion of Carol Elchoness Beesmer and Mark Elchoness for summary judgment dismissing Beatrice Schnall Bostwick's objections to probate, and thereupon granted the motion.

Ordered that the order dated January 11, 2016, is affirmed insofar as appealed from, with costs.

This probate proceeding concerns the will of Fannie Schnall (hereinafter the decedent). The will was executed in 1976, and the decedent died in 1980. This probate proceeding was commenced in 1980. In connection with the proceeding, Beatrice Schnall Bostwick, a daughter of the decedent, executed a waiver of citation and consent to probate on October 8, 1980. The will was admitted to probate in a decree dated November 13, 1980.

In 2009, one of the decedent's grandchildren moved, inter alia, to vacate the probate decree on the ground that several distributees of the decedent had not been named in the probate petition. The Surrogate's Court granted the motion in an order dated January 12, 2010, noting that where jurisdiction has not been obtained over a "necessary party," the decree is "void ab initio as to" that party.

Rochelle Nechin-Pescow filed an amended probate petition in 2013 and a second amended probate petition in 2014. Bostwick filed objections to probate on the grounds, inter alia, of lack of

testamentary capacity and undue influence. Thereafter, Carol Elchoness Beesmer and Mark Elchoness (hereinafter the Elchonesses), grandchildren of the decedent, moved for summary judgment dismissing Bostwick's objections. In an order dated July 10, 2015, the Surrogate's Court denied the motion. The Elchonessess moved for leave to renew their motion for summary judgment dismissing Bostwick's objections. In an order dated January 11, 2016, the court, upon granting leave to renew, in effect, vacated the determination in the order dated July 10, 2015, and granted the Elchonesses' motion for summary judgment dismissing Bostwick's objections. Bostwick appealed. While the appeal was pending, Bostwick died, and this Court granted the application of the executors of Bostwick's estate to be substituted for her.

As the Surrogate's Court correctly determined, the order dated January 12, 2010, vacated the probate decree only as to the distributees over whom jurisdiction had not been obtained. Further, Bostwick never moved to vacate her 1980 consent to probate of the will, nor did she assert that grounds for vacatur existed. Under these circumstances, she was barred from objecting to probate by virtue of her consent to probate of the will (see *Matter of Parada*, 149 AD3d 949, 949-950 [2017]; *Matter of Coccia*, 59 AD3d 716 [2009]).

Furthermore, given her nearly 34-year delay in asserting objections to probate of the will, and the prejudice resulting from that delay, including the death or incompetency in the interim of witnesses who could dispute the claims of incapacity and undue influence, the doctrine of laches barred Bostwick from challenging probate of the will (see *Wilds v Heckstall*, 93 AD3d 661, 663-664 [2012]; *Matter of Bryer*, 72 AD3d 532, 533 [2010]).

Accordingly, upon renewal, the Surrogate's Court properly, in effect, vacated its original determination and granted the Elchonesses' motion for summary judgment dismissing Bostwick's objections to probate. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.