Matter of Knapp (2023 NY Slip Op 05314)

Matter of Knapp

2023 NY Slip Op 05314

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

File No. 2019/20 Appeal No. 822 Case No. 2023-01527 

[*1]In the Matter of Alicia Knapp Also Known as Alicia Castrucci Knapp, Deceased. Pierre Iagnocco, Nonparty/Objector-Appellant,
Rossuporn Pitagtum, Nominated Executor-Respondent.

A.M. Richardson, III, LLC, New York (Ambrose M. Richardson of counsel), for appellant.
Goetz Fitzpatrick LLP, New York (Alison Arden Besunder of counsel), for respondent.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered September 9, 2022, which denied appellant Pierre Iagnocco's motion to withdraw his waiver and consent to probate, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to set aside the waiver and consent to probate decedent's January 4, 2017 will because appellant presented insufficient evidence of good cause, fraud, collusion, overreaching, material misrepresentations, misconduct by respondent, or newly discovered evidence (see Matter of Frutiger, 29 NY2d 143, 149-150 [1971]; Matter of Coccia, 59 AD3d 716, 716 [2d Dept 2009]). In the cover letter attached to the waiver and consent form, appellant was informed of the import of the waiver and advised to consult an attorney if he deemed it necessary. Admittedly, he consulted counsel before signing. The waiver and consent form sent to appellant clearly indicated that respondent sought to probate a copy of the January 4, 2017 will, the original of which was later located(see Matter of Coccia, 59 AD3d at 717).
Appellant also failed to demonstrate that his application was meritorious and that he had a reasonable probability of success(see Matter of Frutiger, 29 NY2d at 150; Matter of Weiss, 2017 NY Slip Op 31441(U) [Sur Ct, New York County 2017]). Insufficient evidence was presented rebutting the presumption of regularity that the will was properly executed, given that the attorney who drafted it and supervised its execution stated that the required procedure was followed (see Matter of Falk, 47 AD3d 21, 26 [1st Dept 2007], lv denied 10 NY3d 702 [2008]); and two disinterested witnesses attested that decedent signed the will in their presence (see Matter of Halpern, 76 AD3d 429, 431-432 [1st Dept 2010], affd 16 NY3d 777 [2011]).
We have considered appellant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023