Matter of Walker (2026 NY Slip Op 00437)

Matter of Walker

2026 NY Slip Op 00437

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

File No. 4613/15, 4613A/15|Appeal No. 5709-5710|Case No. 2024-04355 2024-04356|

[*1]In the Matter of Stanley Walker, Deceased.
Janet Mecca, Appellant; Mary Djurasavic, Respondent.

Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant.
Morrison Cohen LLP, New York (Christopher Milito of counsel), for respondent.

Order, Surrogate's Court, New York County (Hillary Gingold, S.), entered January 9, 2024, which denied petitioner's motion to renew/reargue respondent Mary Djurasavic's motion to dismiss the proceeding to set aside a revocable trust, and denied, without prejudice, as procedurally improper petitioner Janet Mecca's cross-motion to vacate her waiver and consent to the probate of the June 12, 2015 will of Stanley Walker, deceased, unanimously affirmed, without costs, to the extent it sought renewal, and dismissed, without costs, as taken from a nonappealable order to the extent it sought to reargue. Order, same court and Surrogate, entered May 14, 2024, which, to the extent appealed from, denied petitioner's motion to vacate her waiver and consent to the probate of decedent's June 12, 2015 will and the March 16, 2016 decree admitting the will to probate, unanimously affirmed, without costs.
The court properly concluded that petitioner lacked standing to contest probate of the June 12, 2015 will or the Stanley Walker Revocable Trust because she had no interest in any prior will or version of the trust (see Matter of Brown, 144 AD3d 587, 587 [1st Dept 2016]; Matter of Ramm v Allen, 118 AD3d 708, 709-710 [2d Dept 2014]). The will and the trust both stated that decedent intentionally made no provision for petitioner, his sibling, or any of her children because he had no meaningful relationship with them. Decedent left his residuary estate to the trust and appointed respondent as sole Executor of his estate and co-Trustee of the trust, as well as granted to respondent all his tangible personal property and the residuary of the trust.
Petitioner failed to present clear and convincing evidence that her waiver and consent to probate were procured by fraud (see Matter of Bobst, 165 Misc 2d 776, 783 [Sur Ct, NY County 1995], affd 234 AD2d 7 [1st Dept 1996], lv dismissed 90 NY2d 844 [1997]). Petitioner's evidence consisted of her statement that respondent misrepresented the size of decedent's estate and his testamentary capacity. However, respondent provided evidence that she sent petitioner the will, trust documents, and the form of the waiver and consent more than two weeks before it was executed, provided her with the opportunity to ask questions and investigate, and gave her the contact information for the estate attorney, which petitioner did not deny. Moreover, petitioner admitted that she was aware that decedent was a very successful businessman with a sizable estate and real estate holdings. Any reliance by petitioner on the alleged misrepresentations was not reasonable under the circumstances (see Mandarin Trading Ltd v Wildenstein, 16 NY3d 173, 178 [2011]).
Petitioner also failed to present evidence that decedent lacked testamentary capacity when he executed the will and trust agreement. Notably, petitioner's own papers acknowledge that she had not seen or spoken with decedent in decades prior to his death. Moreover, the attestation clause and affidavits of the witnesses give rise to the presumption that decedent was of sound mind, memory, and understanding, and was not incompetent (see Matter of Schlaeger, 74 AD3d 405, 406 [1st Dept 2010]).
Lastly, the court properly denied petitioner's motion for renewal as she cited no new facts not offered on the prior motion that would change the prior determination (CPLR § 2221 [e][2], [3]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026