■ LARAMIE SPRINGTREE CORP., Appellant, v EQUITY RESIDENTIAL PROPERTIES TRUST et al., Respondents, et al., Defendant. [758 NYS2d 74] —In an action, inter alia, to recover damages for breach of contract and specific performance, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered December 17, 2001, which granted the motion of the defendants Equity Residential Properties Trust, as the successor-in-interest to Wellsford Residential Property Trust, and Wellsford Residential Property Trust for summary judgment dismissing the complaint insofar as asserted against them and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

On November 24, 1992, the plaintiff entered into an agreement with the defendant Wellsford Residential Property Trust (hereinafter Wellsford), pursuant to which Wellsford purchased a certain premises known as Springtree Apartments. The agreement further provided that, if Wellsford wished to subsequently sell the premises to a bona fide third party for value, it had to give written notice of the sale to the plaintiff. The plaintiff, in turn, was required either to consent to the sale of the premises pursuant to the offer made by the third party or to "purchase the premises, on the same terms and conditions as contained in the offer." On the same day, nonparty

Laramie Spring Valley Corporation (whose shareholders were identical to those of Springtree) entered into a similar agreement with Wellsford, pursuant to which Wellsford purchased a premises known as Spring Valley Apartments, which occupied a parcel of land adjacent to Springtree Apartments. This agreement contained a right of first refusal provision that was identical to the one in the first agreement.

In November 1997 the defendant Equity Residential Properties Trust (hereinafter Equity), the successor-in-interest to Wellsford with regard to the two subject apartment complexes, entered into an agreement with nonparty Walden Residential Properties (hereinafter Walden), pursuant to which Walden agreed to purchase Springtree Apartments. The agreement provided, however, that "[t]he purchase of the property is contingent upon the simultaneous purchase of the Spring Valley Apartments located adjacent to the property." After being provided with a notice of sale, the plaintiff responded that it wished only to purchase Springtree Apartments. Equity refused to convey only the Springtree property to the plaintiff, thus giving rise to this action.

The Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint. In view of the facts of this case, including the fact that the plaintiff agreed to purchase only "on the same terms and conditions as contained in the offer," the plaintiff could not compel Equity to sell only the Springtree property (*see Sautkulis v Conklin,* 1 AD2d 962 [1956], *affd* 2 NY2d 919 [1957]). Notably, the plaintiff submitted no evidence of fraud or collusion on the part of Equity in procuring the offer from Walden. Friedmann, J.P., Schmidt, Adams and Mastro, JJ., concur.