■ NISSEQUOGUE BOAT CLUB, Now Known as NISSEQUOGUE YACHT CLUB, et al., Appellants, v STATE OF NEW YORK et al., Respondents. [789 NYS2d 71]—

Motion by the appellants for leave to reargue an appeal from

an order of the Supreme Court, Suffolk County, dated April 7, 2003, which was determined by decision and order of this Court dated July 26, 2004 [9 AD3d 454], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted to the extent that the decision and order of this Court dated July 26, 2004, is recalled and vacated, the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, and for a judgment declaring that the plaintiffs are the owners of the subject real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Lifson, J.), dated April 7, 2003, which, among other things, denied their motion for a preliminary injunction enjoining and restraining the defendants from taking any action restricting access by the plaintiffs to the subject property and granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the subject real property.

The plaintiffs Nissequogue Boat Club, now known as Nissequogue Yacht Club, and Kings Park Employees, Inc. (hereinafter collectively referred to as the Yacht Club), operate a boat club facility located on a parcel of real property bordering the Nissequogue River in Suffolk County. The real property is part of a larger tract which allegedly is owned by the defendant State of New York. In 2001, the defendant Commissioner of the New York State Office of Parks, Recreation & Historic Preservation (hereinafter OPRHP) acquired jurisdiction over the subject real property. OPRHP, as agent for the State, commenced a summary proceeding against the Yacht Club in the District Court, Suffolk County, seeking possession of the real property. The Yacht Club moved to dismiss the summary proceeding on the ground that it had acquired ownership of the real property through adverse possession. The District Court denied the Yacht Club's motion, rejecting its claims, including adverse possession based on the lack of the element of hostility. The Yacht Club then commenced this action against the State and OPRHP and advanced the same arguments it made in the District Court.

The Supreme Court properly determined that the Yacht Club

was collaterally estopped from raising the issue of adverse possession, since it unsuccessfully raised this issue as a defense in the summary proceeding (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). "Collateral estoppel . . . 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]).

The fact that the District Court does not have authority to determine issues of title does not bar the application of the doctrine of collateral estoppel. While the Yacht Club's claim of title by adverse possession was beyond the jurisdiction of the District Court to adjudicate as an affirmative claim in the summary proceeding (*see* Siegel, NY Prac § 571, at 946 [3d ed]; 3 Dolan, Rasch's Landlord and Tenant-Summary Proceedings § 43:38, at 137-138 [4th ed]), it was properly interposed therein as a defense (*see* RPAPL 743; Uniform District Court Act § 905; *Hoffman v Hoffman*, 212 App Div 531, 532 [1925]; *Mohar Realty Co. v Smith*, 46 Misc 2d 849 [App Term, 2d Dept 1965]; Siegel, NY Prac § 576, at 955 [3d ed]; 3 Dolan, Rasch's Landlord and Tenant-Summary Proceedings § 43:32, at 129 [4th ed]). Where, as here, the defense, as opposed to the affirmative claim of adverse possession actually has been litigated in the District Court, the traditional rules of issue preclusion are fully applicable (*see Buechel v Bain, supra; Parker v Blauvelt Volunteer Fire Co., supra; Ryan v New York Tel. Co., supra; Vavolizza v Krieger*, 33 NY2d 351, 356 [1974]; *O'Frias v Melton*, 27 NY2d 638, 640 [1970]; Siegel, NY Prac § 469, at 760 [3d ed]; *cf. Reich v Cochran*, 151 NY 122, 127-128 [1896]). The Yacht Club asserted its defense of adverse possession in the summary proceeding in the District Court, giving it a full and fair opportunity to contest the issue and making the issue material to that proceeding. Had it withheld raising the issue, a judgment of the District Court in favor of OPRHP would not have precluded litigating its claim of adverse possession, provided that it commenced an action within 60 days of the entry of a judgment in the District Court (*see* RPAPL 747 [2]; *but see* Siegel, NY Prac § 576, at 955 [3d ed]).

The Yacht Club charted its own course. It could have commenced this plenary action instead of moving before the District Court on its defense of adverse possession (*see* Siegel, NY Prac § 469, at 760; § 576, at 955; § 579, at 959 [3d ed]). This would have afforded the Yacht Club an opportunity to obtain a stay or

consolidation of the summary proceeding with the plenary action.

Adverse possession is the issue undergirding the Yacht Club's claim for a judgment declaring that it is the owner of the disputed real property. Since it is collaterally estopped from relitigating this issue, the Supreme Court correctly granted the defendants' cross motion to dismiss the complaint.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs are not the lawful owners of the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.