■ GLENRIVER, INC., Appellant, v WINCHESTER GLOBAL TRUST COMPANY LIMITED, as Trustee of FACTORED RECEIVABLES TRUST, et al., Respondents, et al., Defendants. [813 NYS2d 488]—

In an action, inter alia, for an accounting, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated July 2, 2004, as granted that branch of the motion of the defendants Winchester Global Trust Company Limited, as trustee of Factored Receivables Trust, Factored Receivables Trust, Olympia Capital Associates, LP, Barbara Lewnowski, and Structured Asset Services, LLC, which was to stay all proceedings in this action pending arbitration of the plaintiff's claims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The doctrine of collateral estoppel precludes the plaintiff from relitigating the issue of whether the claims asserted in this action are subject to arbitration. Collateral estoppel applies when the issues necessarily decided in a prior action and the issues in the present action are identical, and were fully and fairly litigated (*see Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Laing v Cantor,* 1 AD3d 406, 407 [2003]; *cf. Frank's Rest. v Lauramar Enters.,* 273 AD2d 349 [2000]). In *Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd.* (21 AD3d 887 [2005]), this Court determined that the claims asserted by the plaintiff in that action were subject to arbitration pursuant to a broad arbitration clause contained in the same agreement that is at issue in the instant action. The instant action also involves identical claims. Furthermore, because Glenriver, Inc., the plaintiff in this action, and Riverside Capital Advisors, Inc., the plaintiff in the prior action, are in privity, they are treated as one and the same for purposes of collateral estoppel (*see Buechel v Bain, supra* at 304; *Watts v Swiss Bank Corp.,* 27 NY2d 270, 277-278 [1970]). Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was to stay all proceedings in this action pending arbitration of the plaintiff's claims.

In light of this determination, the parties' remaining contentions need not be reached. Schmidt, J.P., Crane, Skelos and Lifson, JJ., concur.