■ LARAMIE SPRINGTREE CORP., Appellant, v EQUITY RESIDENTIAL PROPERTIES TRUST, Respondent. (Action No. 1.) LARAMIE SPRING VALLEY CORP., Appellant, v EQUITY RESIDENTIAL PROPERTIES TRUST, Respondent. (Action No. 2.) [832 NYS2d 672]—

In related actions, inter alia, to recover damages for breach of contract, the plaintiff in action No. 1 appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered September 16, 2005, as granted those branches of the defendant's motion which were for summary judgment dismissing its first and second causes of action and denied its cross motion for summary judgment in its favor, and the plaintiff in action No. 2 appeals, as limited by its brief, from so much of an order of the same court, also entered September 16, 2005, as granted those branches of the defendant's motion which were for summary judgment dismissing its first and second causes of action and denied its cross motion for summary judgment in its favor.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

On November 24, 1992 Laramie Springtree Corp. and Laramie Spring Valley Corp. (hereinafter the Laramie entities) entered into two nearly identical agreements, the "Springtree Agreement" and the "Spring Valley Agreement" with the defendant's predecessor. Under the terms of the agreements, the defendant's predecessor obtained two adjoining parcels of land referred to as the "Springtree Parcel" and the "Spring Valley Parcel." These two parcels were operated as a single residential apartment complex called the "Overlook." The agreements provided each Laramie entity with a right of first refusal to purchase each parcel "on the same terms and conditions" as contained in a bona fide third-party offer, should the defendant ever seek to sell the properties.

In October 2003 the defendant received an offer to buy the Overlook from Sagebrush Realty Investments, Inc. (hereinafter Sagebrush), for a combined price of $15.4 million. The defendant sent notice of the proposed sale to both Laramie entities, and they demanded a breakdown of the proposed purchase price as to each parcel. Sagebrush's offer was for both properties as a single unit, and the defendant did not provide the requested breakdown. Additionally, the Laramie entities did not consent to the sale or match the terms of Sagebrush's offer. The defendant sold the Overlook to Sagebrush on February 4, 2004.

"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Kaufman v Village of Mamaroneck*, 18 AD3d 505 [2005]; *Nissequogue Boat Club v State of New York*, 14 AD3d 542, 544 [2005]). In order to invoke the doctrine, the identical issue necessarily must have been decided in the prior action and the party precluded form relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]).

Here, the defendant met its burden of demonstrating that the identical issue that is dispositive of the Laramie entities' breach of contract causes of action was necessarily decided in a prior action, *Laramie Springtree Corp. v Equity Residential Props. Trust* (303 AD2d 464, 465 [2003]), and the Laramie entities failed to establish a lack of an opportunity to fully and fairly litigate this issue. In the prior action, this Court determined that the defendant did not breach the Springtree agreement by refusing to sell one parcel, the Springtree parcel, after a bona

fide third-party offered to buy both the Springtree and Spring Valley parcels as a combined whole. The breach of contract causes of action in the instant actions also involve the identical issue based upon the exact same contract provision language.

Additionally, because Laramie Springtree Corp., the plaintiff in the prior action, and Laramie Spring Valley Corp., are in privity, the breach of contract causes of action asserted by Laramie Spring Valley Corp. are also barred by collateral estoppel. Both entities have the same president, Mark Silverman, and the same principals. Silverman also entered into both agreements on the same day for each of the Laramie entities. Therefore, there was unity of interest between Laramie Springtree Corp. and Laramie Spring Valley Corp. Additionally, they both sought to establish a breach of the agreements by the defendant's efforts to sell the parcels as a unit (*see Buechel v Bain, supra* at 304; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718, 720 [2006]; *Glenriver, Inc. v Winchester Global Trust Co. Ltd.*, 28 AD3d 517, 517 [2006]). Accordingly, in both actions, the Supreme Court properly granted those branches of the defendant's motions which were for summary judgment dismissing the first and second causes of action in the Laramie entities' complaints and denied the Laramie entities' cross motions for summary judgment in their favor.

The Laramie entities' remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.