*1011 OPINION OF THE COURT
G. Ann Spelman, J.
The motion to dismiss is granted and the petition is dismissed.
Petitioner, a cooperative apartment corporation, commenced this nonpayment proceeding seeking, inter alia, to recover the unpaid balance of rent from July 2006 to the present pursuant to a proprietary lease executed with respondent, a tenant-shareholder of stock allocated to 14 Beech Court, Selden, New York. The unpaid balance in question represents that portion of the enhanced school tax relief (STAR) real property tax exemption that the prior tenant-shareholder was receiving which respondent deducted from her monthly rent or maintenance payments. The court notes that, upon her purchase of the subject apartment on May 30, 2006, respondent paid the entire amount of June maintenance which included the former owner’s STAR exemption. Respondent asserts that she did so because the petitioner’s counsel had threatened that the closing would not take place if the maintenance payment did not include the STAR exemption received by the prior owner. However, it is noted that, by letter dated April 20, 2006, more than one month prior to the closing, petitioner’s attorney informed respondent of the cooperative’s position regarding the elimination of the STAR exemption upon the sale of a unit and that respondent would only be eligible for the basic STAR exemption in any event. The letter was allegedly sent in response to remarks allegedly made at her screening before the board of directors on April 18, 2006. Respondent denies that the issue concerning elimination of the STAR exemption was ever raised at the meeting and denies ever receiving this letter.
Petitioner’s claim that respondent is not entitled to the former owner’s STAR exemption is based upon a resolution enacted by the board of director’s on May 5, 2005 which eliminated any STAR tax exemptions upon the sale of a unit until the name of the new shareholder appears on the list submitted by the board to the town. Conversely, it is respondent’s contention that, pursuant to section 425 of the Real Property Tax Law as well as an opinion issued by the New York State Office of Real Property Services (10 Ops Counsel SBRPS No. 76 [1999]), her unit is entitled to the entire STAR exemption received by the prior unit owner for the 2006/2007 tax year and the resolution issued by the board amounts to an illegal appropriation of an exemption which belongs to the individual shareholder for the benefit *1012 of the apartment corporation. In addition, respondent contends that petitioner failed to give the proper notices required by paragraphs 30 (d) and 38 (a) of the proprietary lease.
Initially, the court notes that respondent waived the right to contest the allegedly late service of petitioner’s opposition papers by addressing said opposition on the merits (see, Todd v Gull Contr. Co., 22 AD2d 904 [1964]).
In addition, since the instant proceeding was a nonpayment proceeding, petitioner was not required to serve respondent with the notices pursuant to paragraphs 30 (d) and 38 (a) of the proprietary lease as those provisions are only applicable where the cooperative is seeking to terminate the tenancy. Nor is respondent barred from raising any defense in this proceeding by failing to provide a 30-day notice pursuant to paragraph 44 of the lease as such clauses will not be given effect where the defense is inextricably intertwined with the landlord’s claim for rent (see, All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d 512 [2005]; 150 Greenway Terrace, LLC v Cullen, 14 Misc 3d 130[A], 2007 NY Slip Op 50020[U] [App Term, 2d & 11th Jud Dists 2007]; Highview Inv. Co. v Weisblatt, NYLJ, Apr. 2, 1996, at 30, col 3 [App Term, 9th & 10th Jud Dists]).
Moreover, although this court lacks jurisdiction to grant affirmative equitable relief (see, World Realty Corp. v Consumer Sales, Inc., 9 Misc 3d 136[A], 2005 NY Slip Op 51696[U] [App Term, 9th & 10th Jud Dists 2005]; Nissequogue Boat Club v State of New York, 14 AD3d 542 [2d Dept 2005]), except to the extent granted by statute (see e.g., UDCA 203, 209), respondent’s request for dismissal of the petition based upon the allegedly improper acts of the board of directors in passing a resolution eliminating the STAR exemption to new unit owners is not beyond the jurisdiction of this court as this court has the authority to determine whether a resolution was passed in contravention of the proprietary lease or in violation of the law (see, North Broadway Estates v Schmoldt, 147 Misc 2d 1098 [1990]; 943 Lexington Ave. v Niarchos, 83 Misc 2d 803 [App Term, 1st Dept 1975]). In the instant case, respondent has made such a showing.
As to the merits, it must first be noted that, as a general rule, when property subject to a tax exemption is transferred to a person ineligible to receive such exemption, the exemption is terminated as of the transfer date (see, RPTL 520 [1]). This general rule does not apply, however, to the STAR exemption (RPTL 520 [5]).
*1013 Secondly, pursuant to section 425 (2) (k) (i) of the Real Property Tax Law,
“title to that portion of real property owned by a cooperative apartment corporation in which a tenant-stockholder of such corporation resides, and which is represented by his or her share or shares of stock in such corporation as determined by its or their proportional relationship to the total outstanding stock of the corporation, including that owned by the corporation, shall be deemed to be vested in such tenant-stockholder” (emphasis supplied).
In other words, this section creates a “legal fiction that a shareholder in a cooperative has ‘title’ to real property for purposes of qualifying for an exemption from real property taxation” (10 Ops Counsel SERFS No. 85 [1999]).
Based upon this statutory legal fiction, it follows, therefore, that, at bar, respondent was entitled to continue to receive the former owner’s enhanced STAR exemption as property entitled to receive a STAR exemption as of the taxable status date, i.e., March 1, 2006, continues to receive the exemption notwithstanding a subsequent transfer of title to someone not eligible to receive the exemption (RPTL 520 [5]; see, 10 Ops Counsel SERFS No. 76 [1999]). Consequently, the court finds that the resolution passed by the board was in contravention of the law and therefore unenforceable (see, 67-25 Dartmouth St. Corp. v Silberman, NYLJ, Apr. 2, 1996, at 30, col 1 [App Term, 2d & 11th Jud Dists]; 943 Lexington Ave. v Niarchos, supra). In addition, the court finds the imposition of a 10% late charge to be in the nature of a penalty and is also unenforceable (67-25 Dartmouth St. Corp. v Silberman, supra).
Respondent’s request for attorneys’ fees herein is denied. It is noted that an award in favor of the prevailing party is not necessarily automatic, and this court believes it would be inequitable where, as here, an honest difference of opinion resulted in litigation (cf. Lazaroff v Skibinski, NYLJ, July 18, 1996, at 25, col 4 [App Term, 2d & 11th Jud Dists]). Respondent’s further motion to recover sanctions is also denied as this proceeding cannot be deemed frivolous as that term is defined in 22 NYCRR 130-1.1 (c).