■ QLISANR, LLC, et al., Appellants, v HOLLIS PARK MANOR NURSING HOME, INC., et al., Defendants, and AHRON EBERT, Respondent. [857 NYS2d 234]—

In an action, inter alia, for a judgment declaring, in effect, that the defendant Ahron Ebert failed to properly exercise his right of first refusal to purchase the assets of the defendants Hollis Park Manor Nursing Home, Inc., Hollis Park Holding, LLC, and Hollis Park Realty, LLC, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered March 1, 2007, which denied their motion for summary judgment on their cause of action for declaratory relief.

Ordered that the order is affirmed, with costs.

The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their cause of action for declaratory relief. Triable issues of fact exist as to, inter alia, whether the respondent Ahron Ebert improperly sought to exercise his right of first refusal by seeking to purchase only the assets of the defendant Hollis Park Manor Nursing Home, Inc. (*see Laramie Springtree Corp. v Equity Residential Props. Trust*, 303 AD2d 464 [2003]), or whether, on the other hand, he properly exercised his right of first refusal by agreeing to purchase all of the assets of the defendants Hollis Park Manor Nursing Home, Inc., Hollis Park Holding, LLC, and Hollis Park Realty, LLC (hereinafter collectively the Company), pursuant to the agreement between the Company and the plaintiffs. Accordingly, the plaintiffs' motion for summary judgment on their cause of action for declaratory relief was properly denied. In light of this determination we need not examine the sufficiency of Ebert's opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kuri v Bhattacharya*, 44 AD3d 718 [2007]; *cf., Yudell Trust I v API Westchester Assoc.*, 227 AD2d 471, 473 [1996]). Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.