■ ROWLAND GUREJE, Respondent-Appellant, v JASMINE RICHARDSON et al., Appellants-Respondents. [910 NYS2d 915]—

In an action to recover damages for personal injuries, the de-

fendants appeal (1) from an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 26, 2009, and (2), as limited by their brief, from so much of an amended order of the same court dated July 8, 2009, as granted that branch of the plaintiff's motion pursuant to CPLR 5015 (a) which was to vacate a judgment entered April 6, 2009, in favor of them and against the plaintiff dismissing the complaint, and, in effect, denied that branch of their cross motion which was to direct the Clerk of the Supreme Court, Kings County, to mark the matter "disposed," and the plaintiff cross-appeals, as limited by his brief, from so much of the same amended order dated July 8, 2009, as denied that branch of his motion which was to impose sanctions upon the defendants.

Ordered that the appeal from the order dated June 26, 2009, is dismissed, as that order was superseded by the amended order dated July 8, 2009; and it is further,

Ordered that the amended order dated July 8, 2009, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the plaintiff's motion which was to vacate a judgment dismissing the complaint. That judgment was purportedly entered upon an order of the Supreme Court dated April 10, 2008, which was affirmed in an order of this Court dated February 10, 2009 (*see Gureje v Richardson*, 59 AD3d 494 [2009]). However, the order dated April 10, 2008, merely granted that branch of the defendants' motion which was to vacate another prior order of the same court, granting the plaintiff leave to enter a default judgment against them. Since the order dated April 10, 2008, did not grant that branch of the defendants' motion which was to dismiss the complaint, there was no basis upon which to enter a judgment dismissing the complaint, and the Supreme Court properly vacated that judgment.

Since the plaintiff did not demonstrate frivolous conduct on the part of the defendants, the Supreme Court properly denied that branch of the plaintiff's motion which was to impose sanctions upon the defendant (*see* 22 NYCRR 130-1.1).

The defendant's remaining contention has been rendered academic in light of our determination. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.