■ In the Matter of the Estate of VICTOR CHIN, Deceased. MONICA CHIN, Respondent; SUSAN CHIN, Appellant, et al., Objectants. [912 NYS2d 443]—

In a contested probate proceeding, Susan Chin, an objectant, appeals (1), as limited by her brief, from so much of an order of the Surrogate's Court, Kings County (Torres, S.), dated September 15, 2009, as directed that the subject will be admitted to probate and denied the objectants' cross motion to declare their waivers and consents to probate void, and (2) from an order of the same court also dated September 15, 2009, which denied the objectants' motion for summary judgment dismissing the petition for probate on the ground that the motion was academic.

Ordered that the order dated September 15, 2009, inter alia, admitting the subject will to probate is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 15, 2009, denying the objectants' motion for summary judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent payable by the appellant personally.

The decedent, Victor Chin, died on January 10, 1995, survived by three children from his first marriage (hereinafter collectively the objectants), his second wife of 30 years (hereinafter the petitioner), their two sons, and two daughters born out of wedlock.

In 2001, the petitioner obtained waivers and consents to probate from all of the decedent's seven children, including the objectants, of a will dated November 3, 1994 (hereinafter the will). The petitioner also obtained acknowledgments from the objectants that they received the bequests provided in the will.

The petitioner filed a petition dated September 5, 2006, for probate of the will. The will named the petitioner as executor of the decedent's estate, provided specific bequests to each of the decedent's children, and bequeathed the residuary estate to the

petitioner. The objectants filed objections to probate dated May 27, 2009, based, inter alia, on allegations that the will was the product of fraud and undue influence and had been altered. The petitioner moved to dismiss the objections and admit the will to probate based on the waivers and consents and the acknowledgments which the objectants executed in 2001.

"Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Goldfarb v Schwartz*, 26 AD3d 462 [2006]). Contrary to the appellant's contention, the waivers and consents which the objectants executed resolved all the factual issues as a matter of law and conclusively disposed of their contentions that their waivers and consents to probate were procured by fraud or overreaching, misrepresentation or other misconduct, or clerical error (*see Matter of Coccia*, 59 AD3d 716, 717 [2009]). The Surrogate properly admitted the will to probate based on her finding that the will was genuine and validly executed, and that, at the time of execution, the decedent was competent to make a will and not under any restraint (*see* SCPA 1408 [1]).

We likewise find that, even if the objectants' motion for summary judgment was not rendered academic by the admission of the will to probate, the motion was subject to denial because the objectants failed to make a prima facie showing of their entitlement to summary judgment on the ground that the will was altered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Qlisanr, LLC v Hollis Park Manor Nursing Home, Inc.*, 51 AD3d 651, 652 [2008]).

The appellant's remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.