■ MOHAMMED AMINUL HAQUE, Appellant, v MOHAMMED ABDUR ROB, Respondent. [920 NYS2d 707]—

In an action, inter alia, to impose a constructive trust upon certain real property and for the partition and sale of the property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated June 4, 2010, as granted that branch of the defendant's motion which was to dismiss the complaint on the ground that it was barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint on the ground that it was barred by the doctrine of res judicata is denied.

The Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the complaint on the ground that it was barred by the doctrine of res judicata based upon a judgment of possession for the real property at issue in this action that resolved an earlier related holdover proceeding between the parties. RPAPL 747 (2) was enacted, in part, to overrule the harsh effect of the doctrine of res judicata in the limited situation where the restrictions on the Civil Court's jurisdiction, such as its inability to determine issues of title, prevent a party from seeking affirmative equitable relief in the context of a summary holdover proceeding (*see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 462 [1986]; *Nissequogue Boat Club v State of New York*, 14 AD3d 542 [2005]). Where, as here, an ac-

tion requiring the determination of title has been commenced within 60 days of entry of the judgment in a holdover proceeding, that judgment does not bar the action (*see* RPAPL 747 [2]). Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.