OPINION OF THE COURT
Phyllis K. Saxe, J.
The respondent tenant has moved to amend her answer in this summary nonpayment proceeding, seeking dismissal of the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, or, in the alternative, granting summary judgment (CPLR 3212), and for an order dismissing rent claims for the period prior to January 2011. The landlord opposes the application.
It appears that the respondent tenant Angela Whinfield (hereinafter tenant) moved into the subject premises pursuant to a one-year rent-stabilized lease at the beginning of 2006 at a rent of $800 per month. On or about the beginning of February 2011 a nonpayment proceeding was instituted against the tenant seeking rent from February 2009 through January 2011. The tenant contests the legal ownership of the premises by the present petitioner, Bergen Brick LLC (hereinafter Brick), claiming that this entity does not have standing to bring this proceeding.
The facts appear to be as follows: One Merle Williams and her mother Mabel Gabbidon were joint owners of the subject premises at 1261 Bergen Street in Brooklyn in 2005. On October 26, 2005, Ms. Gabbidon and Ms. Williams agreed that the premises would be transferred to Ms. Gabbidon, the mother, as the sole owner, and a deed to that effect was executed. Ms. Gabbidon died intestate in 2008. It appears that Ms. Williams, the sole distributee of her mother’s estate, may never have sought letters of administration in the Surrogate’s Court. Ms. Williams thereafter transferred ownership of the subject premises to Bergen Brick LLC on December 29, 2010 by deed in which she asserted that she, as transferor, was the “sole heir and distributee” of Mabel Gabbidon.
It is the tenant’s position that the petitioner, Brick, lacks standing to seek possession of the subject premises as a landlord *616 or owner pursuant to RPAPL 721 because the transfer of title from Ms. Williams to Brick was invalid since Ms. Williams never received letters of administration from the Surrogate’s Court in Kings County which could have authorized such a transfer. It is further alleged by the tenant that the petitioner does not fall within any of the other categories set forth in RPAPL 721 that would entitle it to bring this summary proceeding.
The tenant’s position is incorrect as a matter of law for the reasons that follow. Accordingly, the application to amend the answer is denied as is the request seeking dismissal (CPLR 3211 [a] [7]) and summary judgment (CPLR 3212).
Under RPAPL 721 the following persons can maintain a summary proceeding: a landlord, a lessee entitled to possession, a landlord’s receiver, a person entitled to possession of property being held by a squatter, or a purchaser upon execution or at a foreclosure sale (see generally Scherer, Residential Landlord-Tenant Law in New York § 7:69). So, while actual proof of ownership is not necessary to maintain a summary proceeding, standing under RPAPL 721 is necessary (id.; Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept 2008]).
While title to property cannot be determined as an affirmative claim in the context of a summary proceeding (Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]), in this proceeding the tenant may raise any legal or equitable defense to the petitioner’s claim of ownership entitling it to recover possession (Gordian v Donovan, NYLJ, Dec. 29, 2004, at 19, col 1 [Civ Ct, NY County]). Accordingly, this court has the authority to determine whether the petitioner herein is entitled to proceed as the owner of the premises or otherwise has standing to maintain this proceeding to recover possession of the premises (id.).
The tenant contends that the petitioner lacks standing to seek possession in this proceeding because it is not a landlord within the meaning of RPAPL 721 and further that petitioner does not fit any other category giving it standing under RPAPL 721. It is tenant’s contention that when Mabel Gabbidon died intestate, seized with the sole ownership of the subject premises, her daughter and sole distributee, Merle Williams, was required to obtain letters of administration under the Surrogate’s Court Procedure Act which could have authorized her to transfer the real property owned by her deceased mother; since she did not, the tenant argues that the deed from Merle Williams to petitioner Brick was invalid and that ownership still rests with *617 the estate of Mabel Gabbidon, and therefore Brick has no standing to such possession in this summary proceeding.
The starting point for this discussion is EPTL 4-1.1 (descent and distribution of a decedent’s estate) which states clearly that where a decedent (Mabel Gabbidon) dies intestate (as here) survived by issue and no spouse (as here), the entire property is distributed to the issue (the daughter, Merle Williams).
What then is the effect of Merle’s transfer of the real property to the petitioner herein without the benefit of letters of administration issued by the Surrogate’s Court?
It has been prominently stated: The real estate of an intestate descends at death to the distributee as a matter of law, subject to the right of the administrator to manage it to preserve the asset and make it productive for those with a beneficial interest in it (Estate of Taylor, 2005 NY Misc LEXIS 3263 [Sur Ct, Kings County 2005]; Matter of Burstein, 153 Misc 515 [Sur Ct, Kings County 1934]).
The record on this application simply establishes that Williams, who, as sole distributee of Gabbidon, became possessed of the property upon Gabbidon’s death, transferred the property to the present petitioner by deed, thereby vesting full and complete ownership in the petitioner. There is no mention of letters of administration being sought for the purpose of administering the estate of Mabel Gabbidon and on this record we are not presented with any facts which bring into focus any competing claims by an administrator or other distributee creating a viable challenge against the sale to Brick.
In short, what the respondent tenant seeks to do is to assert the rights of a nascent administrator or other distributee nunc pro tunc, to the time of the deed from Merle Williams to Brick, for the purpose of disapproving the sale. She has have presented the court with no authority to do this and as the proponent of a dismissal and summary judgment motion, she had such an obligation.
Accordingly, Merle Williams, being vested upon her mother’s death with full ownership and title to the property in question, had the right to dispose of it as she did here. The present petitioner therefore has the standing accorded to the legal owner of the property, with the absolute authority to bring this summary proceeding.
The motion is denied in all respects.