In a probate proceeding in which Jonathon Kirk Baugher, the preliminary executor of the decedent’s estate, petitioned pursuant to SCPA 2103 and 2104 to recover certain property on behalf *1112 of the estate, William Hugh Baugher, Laraine Baugher Stuek, Ralph Edmond Baugher, Richard Scott Baugher, Lisa Baugher Eppley, and WS. Wilson Corporation appeal from so much of an order of the Surrogate’s Court, Nassau County (Riordan, S.), dated December 23, 2010, as denied their motion to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7) based on documentary evidence, failure to state a cause of action, laches, and estoppel, and to impose sanctions on the petitioner pursuant to 22 NYCRR 130-1.1.
Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.
“Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (Leon v Martinez, 84 NY2d 83, 88 [1994]; see Matter of Chin, 79 AD3d 867, 868 [2010]). Here, the Surrogate’s Court properly denied that branch of the subject motion which was to dismiss the petition pursuant to CPLR 3211 (a) (1), as the documentary evidence submitted in support of the motion did not resolve all the factual issues as a matter of law and conclusively dispose of the petitioner’s contentions (see Leon v Martinez, 84 NY2d at 88).
In determining whether a pleading is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), “the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). “The [pleading] must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference” (Hense v Baxter, 79 AD3d 814, 815 [2010]; see Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Leon v Martinez, 84 NY2d at 87; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 796-797 [2011]). In addition, a court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects (see CPLR 3211 [c]; Quinones v Schaap, 91 AD3d 739, 740 [2012]; Ryan v Cover, 75 AD3d 502, 503 [2010]).
The Surrogate’s Court properly denied that branch of the appellants’ motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The petition, when considered with certain documents submitted by the petitioner in opposition to the motion, effectively alleges that the petitioner’s decedent was entitled to recover retained and current earnings from the appellant WS. Wilson Corporation.
*1113 Further, the Surrogate’s Court properly denied that branch of the appellants’ motion which was to dismiss the petition on the ground of laches, as the appellants failed to demonstrate prejudice (see Town of Huntington v County of Suffolk, 79 AD3d 207, 216-217 [2010]). In addition, the court providently exercised its discretion in denying that branch of the motion which was for the imposition of sanctions against the petitioner (see Maybaum v Maybaum, 89 AD3d 692 [2011]; Gureje v Richardson, 78 AD3d 997 [2010]).
The appellants’ remaining contentions are without merit. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.